MARTIN STUPETSKI v. TRANSATLANTIC FIRE INSURANCE CO.

*Insurance—Vacancy of premises.*

A clause avoiding an insurance policy in case the premises should "become vacant or unoccupied," did not apply where a man and his family left home for twelve days to visit a sick daughter, and engaged a person to go to the house daily to look after it.

It would be burglary to break into, and arson to burn a house, during the temporary absence of the occupants.

Error to Superior Court of Detroit. Submitted April 16. Decided April 21.

ASSUMPSIT on insurance policy. Plaintiff brings error.

*John C. Donnelly* for plaintiff in error. Temporary absence from a house is not such abandonment as will avoid a fire insurance policy, *O'Brien v. Commercial Ins. Co.* 38 N. Y. Supr. Ct. 517; *Dennison v. Phœnix Ins. Co.* 52 Iowa 457; *Phœnix Ins. Co. v. Tucker* 92 Ill. 64.

*Morgan E. Dowling* for defendant in error, cited as to the effect on a fire insurance policy of vacating the premises, *Wustum v. City Fire Ins. Co.* 15 Wis. 138; *Harrison v. City Fire Ins. Co.* 9 Allen 232; *Amer. Ins. Co. v. Padfield* 4 Ins. L. J. 893; *Keith v. Quincy F. Ins. Co.* 10 Allen 228; *Thayer v. Ag. Ins. Co.* 5 Hun 566; *Ætna Ins. Co. v. Burns* 5 Ins. L. J. 69; *N. A. Ins. Co. v. Zænger* 63 Ill. 464; *Ætna Ins. Co. v. Meyers* 63 Ind. 238;

*Whitney v. Black River Ins. Co.* 72 N. Y. 118; *Walsh v. Hartford F. Ins. Co.* 73 N. Y. 5; *Aurora F. Ins. Co. v. Kranich* 36 Mich. 294.

CAMPBELL, J. Plaintiff sued defendant on a policy of insurance, for the destruction of his dwelling and contents by fire. The policy was by one of its conditions made void if the house should "become vacant or unoccupied" without assent of the company.

The fire which destroyed the property was on September 4, 1879. Plaintiff used the premises as his own dwelling. About ten days before the fire he received a telegraphic dispatch from South Bend, Indiana, announcing that his daughter, who lived there, was dangerously ill, and at the point of death. He with his wife and another daughter at once went there, intending to return, and he did return the next day but one after the fire. A son who was not boarding at home was directed to and did visit the house daily to look after the house and feed the stock.

The court below instructed the jury that this was enough to require the house to be regarded as vacant and unoccupied, and directed a verdict for the defendant.

There is not much authority upon this precise form of condition, but we think it must be construed as it would be usually understood by ordinary persons reading and acting on it. We think it would not convey to an ordinary mind the idea that a house is vacant or unoccupied when it has an inhabitant who intends to remain in it as his residence, and who has left it for a temporary purpose. If the phrases were used in their strict legal sense, no one would imagine that the tenant was not such an occupant as would be liable to the responsibilities attached by law to occupants, or that there was such a vacancy of possession as would suspend possessory rights. It would be burglary to feloniously break and enter the house, and arson to maliciously burn it. There may be less occasion to care for a house in which no

one lives than for one tenanted, but a person temporarily absent will usually take some pains to have his premises kept under oversight, and in the present case such provision was made for the domestic animals as well as for the house itself. · It would we think be regarded as singular doctrine to hold that families leaving their houses on excursions or other temporary occasions cease to occupy them.

In *Cummins v. Agricultural Insurance Co.* 67 N. Y. 260, it was held that a removal by a son and his family to his father's house, in the neighborhood of his own, to remain with his mother in his father's house while she needed their company, but with the intention of returning to his own house, which was not dismantled, was not a vacating by removal of the son's house, although the absence actually continued about three months.    It was also held in *Whitney v. Black River Ins. Co.* 72 N. Y. 118, that a saw-mill lying idle for several weeks for lack of water or logs, did not thereby cease to be occupied during the intervals, and in discussing the meaning of the terms, reference was made to a school-house in vacation as not ceasing to be occupied for school purposes.

It is not safe to resort to extreme definitions beyond the usual understanding.    We think in the case before us the premises did not become vacant or unoccupied, if left for the purpose testified to, and that it was error to charge the jury as was done here.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.