87 135
97 228

GEORGE H. HILL v. FRANK L. WARRELL AND JAMES B. GRADY.

*Municipal corporations—Assessment for improvements—Non-resident lands—Validity of deed.*

1. The words "unoccupied" and "vacant" are words of the same import.

2. The word "occupied," as used in the tax law of Michigan, does not signify the same as "seated" or "surveyed," as used in the tax laws of some of the other states.

3. Unoccupied premises are vacant premises, meaning that there is no one in the actual possession exercising any acts of control over the premises, or any part thereof.[1]

4. The provision of the charter of the city of Grand Rapids, requiring unoccupied lots or parts of lots belonging to a resident of the city to be assessed to and in his name, is mandatory, and a non-compliance with such requirement will render the assessment void.

    So *held,* where the lot was assessed in the name of the wife of such owner.

5. The further provision of said charter that, in case such unoccupied premises belong to a non-resident, they shall be entered accordingly, as is required by law in case of assessments by supervisors of townships, is also mandatory, and a failure to list the lot or lots as non-resident land on a part of the roll separate from the resident land will invalidate the assessment.

Error to Kent. (Grove, J.) Argued July 2, 1891. Decided July 28, 1891.

Ejectment. Defendants bring error. Affirmed. The facts are stated in the opinion.

*William Wisner Taylor* and *Lawrence E. Carroll,* for appellants.

*Uhl & Crane,* for plaintiff.

CHAMPLIN, C. J. This is an action of ejectment, brought by George H. Hill against Frank L. Warrell and James B. Grady to recover the premises described in the plaintiff's declaration. He claims title in fee. The defendants pleaded the statutory general issue. The case was tried before the Honorable Willian E. Grove and a jury. After the testimony was closed, the court took the case from the jury by directing a verdict for the plaintiff.

The plaintiff introduced in evidence conveyances showing a chain of title from the United States to him. He

---

[1] See *Murray v. Hudson,* 65 Mich. 670.

also introduced a deed executed by the city of Grand
Rapids, bearing date June 17, 1874, and recorded July
31, 1874, to George H. and William E. Hill. William
E. Hill conveyed to George H. Hill, May 24, 1877. This
latter deed I do not find it necessary to pass upon.

The defendants claim title adversely to the plaintiff by
virtue of certain titles derived from the city of Grand
Rapids under sales for assessments levied for street im-
provements, sewers, and sidewalks. The validity of these
titles was the main issue in the case.

Plaintiff claims that none of the deeds relied upon by
the defendants were valid, for the reason, first, that at
the time the assessments were imposed the owner was a
non-resident, the land unoccupied, and the assessment
rolls were made in violation of the charter, which required
non-resident and unoccupied land to be assessed in a
separate part of the roll as non-resident; whereas in the
rolls they were assessed and listed as the lands of resi-
dents, and occupied.

Testimony introduced showed without contradiction
that the plaintiff, George H. Hill, at the time of the
several assessments, was a non-resident, and also that the
premises were unoccupied, and that this was their con-
dition when the assessments were levied and when the
lands were sold. It showed also that the lot was inclosed,
and that there was part of an old orchard upon it; and
it further appeared without contradiction that, during
the time referred to, the lot was vacant, there were no build-
ings upon it, it was uncultivated, and no one was in the
actual possession or occupation thereof. Under such
facts the land is regarded as unoccupied. The word
" occupied " does not signify the same as " seated " or
" surveyed " in the tax laws of some other states. This
statute requires the land to be assessed to the owner or
person in occupation; and, if no one was in the actual

occupation, and the owner did not reside in the city, and could not be ascertained, then it was required that it should be assessed as unknown. The words "unoccupied" and "vacant" are words of the same import. Unoccupied premises are vacant premises, meaning that there is no one in the actual possession exercising any acts of control over the premises, or any part of them. That this is the meaning of the statute is further apparent from section 45 of title 6, which states that—

"In cases where there is no agreement to the contrary, the owner or landlord, and not the occupant or tenant, shall be deemed in law the person who ought to bear and pay every such assessment made for the expense of any public improvement in the said city."

The orchard was a permanent improvement, the same as a well would be, and, if no one gathered fruit or drew water from the well, nor planted a crop, nor pastured the land, it would be unoccupied or vacant, although inclosed by fences.

In one of the assessments, to wit, that for the construction of a sewer in Division street from Blakeley avenue to Withey street, the premises were assessed to Barbara Berger; but the testimony is that Barbara did not occupy it, and that she was not the owner of it, and so in this respect the statute was not complied with.

It appeared in the plaintiff's chain of title that Darwin E. Aiken and wife conveyed the premises by deed, March 9, 1870, to Andrew Berger, of the city of Adrian, Mich.; that on the same day Andrew Berger and Barbara Berger, his wife, of the city of Adrian, executed a mortgage upon the premises to William E. and George H. Hill, of Detroit. Both of these instruments were recorded March 11, 1870, and the plaintiff's chain of title comes through a deed from the sheriff of Kent county, dated June 7, 1873, to William E. and George H. Hill. This

deed became operative June 7, 1874, and William E. Hill conveyed to George H. Hill, May 24, 1877. These dates show that when the premises were assessed prior to June 7, 1874, the title was in Andrew Berger, and after that date, to May 24, 1877, the title was in William E. and George H. Hill, and after that date it was in George H. Hill; having reference now to the chain of the original title, as put in evidence by the plaintiff. These may be considered, for the purposes of this case, as three separate periods.

The defendants' chain of title originated in four assessments. The assessment for a construction of a sewer in Division street from Blakeley avenue to Withey street, while Andrew Berger was the owner of the property, falls in the first period; the assessment for a sewer in Wenham avenue, made in 1876, falls in the second period, while William E. and George H. Hill were joint owners; and the assessment for the construction and repair of a sidewalk, made in August, 1877, and the assessment for the construction of a sewer in Prescott, South Division, Blakeley avenue, Center, and Pleasant streets, made in 1878, fall in the last period, while George H. Hill was the owner of the premises.

The charter of the city, under which all these assessments were made, provides that—

"In case any lots or parts of lots shall be unoccupied, belonging to any person residing in the said city, such person shall be assessed for the same, and his name entered accordingly; and in case such lots or parts of lots shall belong to a non-resident or owner or owners unknown, the same shall be entered accordingly, with a description of such lots or premises, as is required by law in assessment rolls made by supervisors of towns, with the value thereof, and the amount assessed thereon," etc.

The charter further provides that—

"Deeds on all sales for assessments assessed upon real estate under this title shall be acknowledged as other conveyances, and, when executed and acknowledged as aforesaid, shall vest the fee of the land in the purchaser, and such deed shall be deemed and taken to be *prima facie* evidence of the existence and regularity of all such prior proceedings as might otherwise be required to be proven in order to establish a title in the purchaser."

The burden of proof is, therefore, on the plaintiff to show that there was any irregularity which affected the jurisdiction of the city to levy and collect the assessment.

The plaintiff introduced testimony which, as counsel claim, tended to show and did establish that the positive injunctions of the statute had not been complied with, first, in not assessing the premises to the owner, or, if occupied, to the occupant; and, further, in not assessing the lands of non-residents in a separate list. It is claimed that the testimony shows beyond dispute that the premises were not occupied during any period when the land was assessed. I think the record establishes that fact conclusively.

Plaintiff's counsel also claim that, during the first period, the land not being occupied, the assessment should have been to the owner, namely, to Andrew Berger, who, the record discloses, was the owner. It was assessed in one instance to Barbara Berger, who was neither the owner nor occupant. I think the requirements of the statute in this respect are mandatory. There are good reasons existing why, in the proceedings to levy assessments declared to be liens, and the sale for non-payment, and which are followed by such severe consequences as the loss of the fee, the statute should be complied with. After the names are returned against whom the assessments are made, the clerk advertises, giving notice of the time and place when the council will hear appeals. In this instance the names only are required to be pub-

lished, and, if the owner or occupant is not named, the notice is misleading, and has no validity. The names are required to be stated in the return of the marshal of the uncollected taxes. Indeed, this requirement is a substantial part of the proceeding, and intended for the protection of the owner. It cannot be dispensed with, and the neglect to comply with the statute renders the proceedings as to such owner void, and no title can be based thereon. This disposes of the deed resting upon the validity of the assessment for the construction of the sewer in Blakeley avenue to Withey street.

The testimony in the case shows that the assessment upon which the second deed is based was made to George H. and William E. Hill under the head or name of "Owner or occupant." These persons were shown to have been the owners, but no person was shown to have been in occupation of the premises. Testimony was introduced for the purpose of showing that they were non-residents of the State and of the city at the time the assessment was made, and such testimony was sufficient to prove the fact in the absence of any contradictory evidence. The statute requiring the assessments to be made in the same manner as those of townships, it was a part of that requirement that non-resident land and unoccupied should be placed in a separate list on the roll from that in which the lands of residents are entered. It was conceded in this case that the land in controversy was not assessed as non-resident, and not entered on a part of the roll separate from that upon which the estates of residents were entered, and that the non-resident lands were not assessed in separate parts of this roll from the resident lands. It is only when the owner resides in the city, if the premises be unoccupied, that his name can be entered and the assessment made to him among the resident owners of property. The

statute is express that, if the premises belong to a nonresident, they are to be entered accordingly. The record shows that the statute was not complied with, and consequently the deed based upon this assessment cannot be held to have conveyed the fee to the defendants.

Two deeds are based upon the proceedings included in the third period. The first assessment was for the construction of a sidewalk. · At the time this assessment was made George H. Hill was the owner of the premises. The assessment, however, is made out against George H. and William E. Hill, and it is stated in the record that—

"The land in controversy in this case was not assessed as non-resident, and not entered upon a part of the roll separate from that upon which the estates of residents were entered. The non-resident lands were not assessed in a separate part of the roll from the resident lands in said last-mentioned assessment roll."

This assessment comes under the same provisions of law as those regarding the one last above.

The other assessment for the construction of a sewer, was made against George H. Hill, and the provisions invalidating the second assessment apply to this also.

It follows from what has been said that each of the titles relied upon by the defendants is invalid, and that the judgment below in favor of the plaintiff was correct. This renders it unnecessary to consider the other points raised, as they become immaterial in the decision of the case.

The judgment must be affirmed.

The other Justices concurred.