ELDENBRADY v CITY OF ALBION

Docket No. 297735. Submitted July 6, 2011, at Lansing. Decided October
    4, 2011, at 9:00 a.m.

    Joshua and Anna EldenBrady filed a petition in the Michigan Tax
        Tribunal (MTT), challenging the denial of their request for a
        principal residence exemption on a 10-acre parcel of land that was
        contiguous to the property on which their residence was located.
        The parcel contained an abandoned school building that petition-
        ers did not use. A hearing referee had issued a proposed opinion
        recommending that petitioners be granted the expanded principal
        residence exemption, but the MTT disagreed and denied petition-
        ers' request, concluding that petitioners had failed to establish by
        a preponderance of the evidence that the property was unoccupied
        or being used in conjunction with their principal residence. Peti-
        tioners appealed.

        The Court of Appeals *held*:

        An exemption from the taxing power of the state must be clear
        and unambiguous and is strictly construed against the property
        owner and in favor of the public. Under MCL 211.7cc(1), a principal
        residence is exempt from the tax levied by a local school district for
        school operating purposes. MCL 211.7dd(c) provides that the term
        "principal residence" includes all of an owner's property that is
        classified as residential, is adjoining or contiguous to his or her
        dwelling, and is unoccupied. It was undisputed that petitioners'
        10-acre parcel was zoned residential and that the parcel was adjoin-
        ing or contiguous to petitioners' dwelling. The MTT erred by con-
        cluding that the parcel did not qualify for the principal residence
        exemption because it was not "vacant." The statute mandated that
        the property need only be "unoccupied," not vacant. While these
        words are frequently used interchangeably and sometimes consid-
        ered synonyms, for purposes of MCL 211.7dd(c) the term "unoccu-
        pied" has a meaning separate and distinct from that of the word
        "vacant." The statute merely requires that the contiguous property
        be without human occupants. The abandoned school building on the
        petitioners' 10-acre parcel was not used as a residence or dwelling,

had no tenants or residents, and was unoccupied within the meaning of MCL 211.7dd(c). Petitioners were entitled to the principal residence exemption.

Reversed and remanded for further proceedings.

TAXATION — GENERAL PROPERTY TAX ACT — PRINCIPAL RESIDENCE EXEMPTION — DEFINITION OF PRINCIPAL RESIDENCE.

A principal residence is exempt from the tax levied by a local school district for school operating purposes; the term "principal residence" includes all of an owner's property that is classified as residential, is adjoining or contiguous to his or her dwelling, and is unoccupied; as used in the statute, "unoccupied" means without human occupants (MCL 211.7cc[1], 211.7dd[c]).

*Joshua S. EldenBrady* for petitioners.

*Robison Law Office* (by *Mark J. Robison*) for respondent.

Before: SAAD, P.J., and JANSEN and DONOFRIO, JJ.

PER CURIAM. Petitioners appeal by right the final opinion and judgment of the Michigan Tax Tribunal (MTT) denying their request for a principal residence exemption. We reverse and remand to the MTT with instructions to grant petitioners' request for a principal residence exemption on their 10-acre parcel for tax years 2008 and 2009.

I

Petitioners purchased a 10-acre parcel that is contiguous to the property on which their home is located. There is an abandoned school building on the 10-acre parcel. It is undisputed that the 10-acre parcel is zoned residential. Petitioners sought and obtained permission from the local zoning authority to plant a garden on the parcel and construct a fence around it. Petitioners plan to convert the

abandoned school building into an art center in the future, but do not currently use the building.

Petitioners filed an affidavit with respondent, the city of Albion, seeking to extend the scope of their principal residence exemption to include the 10-acre parcel for tax years 2008 and 2009. Respondent denied petitioners' request, finding that the 10-acre parcel did not qualify for the principal residence exemption because there was a building on it and it was therefore not vacant. Petitioners appealed to the Small Claims Division of the MTT. An MTT hearing referee issued a proposed opinion recommending that petitioners be granted the expanded principal residence exemption they were seeking. The referee determined that the 10-acre parcel was being "used as an extension of the petitioners' home" and that the parcel was qualified to receive the exemption under MCL 211.7cc because it was unoccupied, zoned residential, and contiguous to petitioners' dwelling.

The MTT disagreed with the hearing referee's recommendation and issued a final opinion and judgment denying petitioners' request for a principal residence exemption on the 10-acre parcel. The MTT determined that the hearing referee's recommendation was "not supported by the record" and that petitioners had "failed to establish by a preponderance of the evidence that the subject property is unoccupied or being used in conjunction with their principal residence." Citing certain guidelines prepared by the Department of Treasury,[1] the MTT observed that "an adjacent parcel is eligible for a principal residence exemption only if [it] is vacant (unoccupied land) or has a garage or other

---

[1] Michigan Department of Treasury, *Guidelines for the Michigan Principal Residence Exemption Program* (2010) <http://www.michigan.gov/documents/2856_11014_7.pdf>.

structures that are part of [p]etitioners' home." The MTT ruled that petitioners' 10-acre parcel was not vacant because it "contain[ed] an abandoned, unimproved, and unused school building," and further noted that petitioners were not using the school building "in conjunction with their principal residence, such as for storage." Accordingly, the MTT denied petitioners' request for a principal residence exemption on the parcel for tax years 2008 and 2009.

II

"In the absence of fraud, we review the Tax Tribunal's decision 'for misapplication of the law or adoption of a wrong principle.' " *Kinder Morgan Mich, LLC v City of Jackson*, 277 Mich App 159, 163; 744 NW2d 184 (2007), quoting *Wexford Med Group v Cadillac*, 474 Mich 192, 201; 713 NW2d 734 (2006). The MTT's factual findings are conclusive "if they are supported by 'competent, material, and substantial evidence on the whole record.' " *Id.*, quoting *Mich Bell Tel Co v Dep't of Treasury*, 445 Mich 470, 476; 518 NW2d 808 (1994). "However, because statutory interpretation is involved in this matter, we review the tribunal's decision de novo." *Kinder Morgan*, 277 Mich App at 163; see also *Wexford Med Group*, 474 Mich at 202.

"This Court's primary task in construing a statute is to discern and give effect to the intent of the Legislature." *Shinholster v Annapolis Hosp*, 471 Mich 540, 548-549; 685 NW2d 275 (2004). "To do so, we begin with the language of the statute, ascertaining the intent that may reasonably be inferred from its language." *Lash v Traverse City*, 479 Mich 180, 187; 735 NW2d 628 (2007). "The words contained in the statute provide us with the most reliable evidence of the Legislature's intent." *Kinder Morgan*, 277 Mich App at 163. "Terms

used in a statute must be given their plain and ordinary meaning, and it is appropriate to consult a dictionary for definitions." *Id.*; see also MCL 8.3a; *Halloran v Bhan*, 470 Mich 572, 578; 683 NW2d 129 (2004).

There are certain special rules of construction that apply to the interpretation of statutory tax exemptions:

> " 'An intention on the part of the legislature to grant an exemption from the taxing power of the State will never be implied from language which will admit of any other reasonable construction. Such an intention must be expressed in clear and unmistakable terms, or must appear by necessary implication from the language used, for it is a well-settled principle that, when a specific privilege or exemption is claimed under a statute, charter or act of incorporation, it is to be construed strictly against the property owner and in favor of the public. This principle applies with peculiar force to a claim of exemption from taxation. Exemptions are never presumed, the burden is on a claimant to establish clearly his right to exemption, and an alleged grant of exemption will be strictly construed and cannot be made out by inference or implication but must be beyond reasonable doubt. In other words, since taxation is the rule, and exemption the exception, the intention to make an exemption ought to be expressed in clear and unambiguous terms; it cannot be taken to have been intended when the language of the statute on which it depends is doubtful or uncertain; and the burden of establishing it is upon him who claims it. Moreover, if an exemption is found to exist, it must not be enlarged by construction, since the reasonable presumption is that the State has granted in express terms all it intended to grant at all, and that unless the privilege is limited to the very terms of the statute the favor would be extended beyond what was meant.' " [*Guardian Indus Corp v Dep't of Treasury*, 243 Mich App 244, 249-250; 621 NW2d 450 (2000), quoting *Detroit v Detroit Commercial College*, 322 Mich 142, 148-149; 33 NW2d 737 (1948), in turn quoting 2 Cooley, Taxation (4th ed), § 672, p 1403.]

However, these special rules "do not permit a strained construction that is adverse to the intent of the Legislature." *VanderWerp v Plainfield Charter Twp*, 278 Mich App 624, 628; 752 NW2d 479 (2008).

III

We conclude that the MTT misinterpreted MCL 211.7dd(c) and committed an error of law when it determined that petitioners were not entitled to a principal residence exemption on their 10-acre parcel for tax years 2008 and 2009.

Michigan's principal residence exemption, also known as the "homestead exemption," is governed by §§ 7cc and 7dd of the General Property Tax Act, MCL 211.7cc and MCL 211.7dd. See *Inter Coop Council v Dep't of Treasury*, 257 Mich App 219, 222; 668 NW2d 181 (2003). The Legislature has declared that "[a] *principal residence* is exempt from the tax levied by a local school district for school operating purposes to the extent provided under . . . the revised school code . . . if an owner of that principal residence claims an exemption as provided in this section." MCL 211.7cc(1) (emphasis added); see also *Inter Coop Council*, 257 Mich App at 223. MCL 211.7dd(c) provides in relevant part:

> "Principal residence" means the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established. Except as otherwise provided in this subdivision, principal residence includes only that portion of a dwelling or unit in a multiple-unit dwelling that is subject to ad valorem taxes and that is owned and occupied by an owner of the dwelling or unit. *Principal residence also includes all of an owner's unoccupied property classified as residential that is adjoining or contiguous to the dwelling subject to ad valorem taxes*

*and that is owned and occupied by the owner. . . .* Contiguity is not broken by a road, a right-of-way, or property purchased or taken under condemnation proceedings by a public utility for power transmission lines if the 2 parcels separated by the purchased or condemned property were a single parcel prior to the sale or condemnation. [Emphasis added.]

In other words, to receive the exemption that they were seeking, petitioners were required to prove by a preponderance of the evidence that their 10-acre parcel (1) was classified as residential, (2) was adjoining or contiguous to their dwelling, and (3) was "unoccupied." MCL 211.7dd(c).

As noted previously, it is undisputed that petitioners' 10-acre parcel was zoned residential at the time. It is also undisputed that the parcel is adjoining or contiguous to petitioners' dwelling. Thus, the sole issue for respondent and the MTT was whether petitioners' parcel was "unoccupied" within the meaning of the third sentence of MCL 211.7dd(c).

Respondent argued, and the MTT concluded, that the 10-acre parcel did not qualify for the principal residence exemption under MCL 211.7dd(c) because it was not *vacant*. The MTT's final opinion and judgment, and the Department of Treasury's guidelines concerning the principal residence exemption program, both make clear that the MTT considers the terms *vacant* and *unoccupied* to be synonymous. However, we conclude that these two terms are not synonymous for purposes of the present case.

In order to qualify for a principal residence exemption under the third sentence of MCL 211.7dd(c), property need only be "unoccupied"—not "vacant." Indeed, the word *vacant* does not appear in the text of MCL 211.7dd(c). We acknowledge that the terms vacant and

unoccupied are frequently used interchangeably and are considered synonyms in many instances. *Hill v Warrell*, 87 Mich 135, 138; 49 NW 479 (1891); *Stupetski v Transatlantic Fire Ins Co*, 43 Mich 373, 374; 5 NW 401 (1880); *Random House Webster's College Dictionary* (1997). But these words are not always synonymous; in some contexts each term has a meaning independent of the other. See *McNeel v Farm Bureau Gen Ins Co*, 289 Mich App 76, 92; 795 NW2d 205 (2010); see also *Mich Twp Participating Plan v Federal Ins Co*, 233 Mich App 422, 435; 592 NW2d 760 (1999). The principal definition of the word "vacant" is "having no contents; empty; void." *Random House Webster's College Dictionary* (1997). While it is true that the dictionary goes on to define "vacant" as "having no occupant; unoccupied," *id.*, we are convinced that the term *unoccupied* has a meaning separate and distinct from that of the word *vacant* for purposes of MCL 211.7dd(c).

" '[C]ourts have sometimes distinguished *vacant* from *unoccupied*, holding that *vacant* means completely empty while *unoccupied* means not routinely characterized by the presence of human beings.' " *Vushaj v Farm Bureau Gen Ins Co*, 284 Mich App 513, 515-516; 773 NW2d 758 (2009), quoting Black's Law Dictionary (8th ed). Similarly, one dictionary "defines 'unoccupied' as 'without occupants' and 'occupant' as 'a tenant of a house, estate, office, etc.; resident.' " *Vushaj*, 284 Mich App at 516, quoting *Random House Webster's College Dictionary* (1995). Another dictionary observes that " '*vacant* means without inanimate objects, while *unoccupied* means without human occupants.' " *McNeel*, 289 Mich App at 92, quoting Garner, *A Dictionary of Modern Legal Usage* (2d ed). When read in context, it is clear that the Legislature intended the term "unoccupied" in the third sentence of MCL 211.7dd(c) to mean "without human occupants" rather than "completely

empty," "without inanimate objects," or "having no contents; empty; void." Indeed, if the word "unoccupied" in MCL 211.7dd(c) were to be interpreted as meaning "vacant" (and by extension "completely empty," "without inanimate objects," or "having no contents; empty; void"), then any property with a garage or shed would be ineligible for the principal residence exemption under the third sentence of MCL 211.7dd(c). Even the MTT implicitly admits that this cannot be what the Legislature intended.[2]

In sum, the third sentence of MCL 211.7dd(c) does not require that contiguous property be *vacant* or completely devoid of any inanimate objects, contents, or structures to qualify for the principal residence exemption. Instead, the statutory language merely requires that the contiguous property be *unoccupied*, i.e., without human occupants. See *McNeel*, 289 Mich App at 92. As explained earlier, an occupant is a tenant or a resident. See *Vushaj*, 284 Mich App at 516.

No part of petitioners' 10-acre parcel or abandoned school building was used as a residence or dwelling, and no part of the parcel or school building had tenants or residents. Accordingly, we conclude that the 10-acre parcel was "unoccupied" within the meaning of MCL 211.7dd(c). Because the parcel was zoned residential, was adjoining or contiguous to petitioners' dwelling, and was "unoccupied" within the meaning of MCL 211.7dd(c), petitioners were entitled to a principal residence exemption on the property. For these reasons, we reverse the final opinion and judgment of the MTT and

---

[2] The Department of Treasury's guidelines, on which the MTT relied, provide that contiguous property containing a garage qualifies for the principal residence exemption under the third sentence of MCL 211.7dd(c) as long as the property is zoned residential and the garage is not inhabited or used as a dwelling.

remand this case to the tribunal with instructions to grant petitioners' request for a principal residence exemption on their 10-acre parcel for tax years 2008 and 2009.[3]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219, a public question having been involved.

SAAD, P.J., and JANSEN and DONOFRIO, JJ., concurred.

---

[3] Nor does MCL 211.7dd(c) contain any requirement that the owner use the contiguous, unoccupied property in conjunction with, or as an extension of, his or her dwelling. Accordingly, the MTT erred to the extent that it ruled that petitioners' 10-acre parcel was ineligible for the principal residence exemption because it was not being used "in conjunction with [petitioners'] principal residence, such as for storage."