# STATE OF MICHIGAN

# COURT OF APPEALS

BRUCE JOHNSON,

        Petitioner-Appellant,

v

BROWNSTOWN TOWNSHIP,

        Respondent-Appellee.

UNPUBLISHED
December 8, 2015

No. 322709
Tax Tribunal
LC No. 14-000657

Before: SAAD, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Petitioner appeals as of right the Michigan Tax Tribunal's final opinion and judgment granting petitioner a personal residence exemption, but prorating it to 3% of the value of the structures on the property. We reverse the portion of the judgment prorating the exemption and remand for entry of a judgment granting petitioner a personal residence exemption that is not prorated.

This Court's review of a decision of the Tax Tribunal is very limited. *Drew v Cass Co*, 299 Mich App 495, 498; 830 NW2d 832 (2013). "In the absence of fraud, this Court reviews a decision of the Tax Tribunal to determine whether the tribunal committed an error of law or adopted a wrong legal principle." *WA Foote Mem Hosp v City of Jackson*, 262 Mich App 333, 336; 686 NW2d 9 (2004).

> The tribunal's factual findings will not be disturbed as long as they are supported by competent, material, and substantial evidence on the whole record. Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence. The appellant bears the burden of proof in an appeal from an assessment, decision, or order of the Tax Tribunal. [*Drew*, 299 Mich App at 499 (quotation marks and citations omitted).]

Any statutory interpretation pertinent to the Tax Tribunal's decision is reviewed de novo. *EldenBrady v City of Albion*, 294 Mich App 251, 254; 816 NW2d 449 (2011).

> This Court's primary task in construing a statute is to discern and give effect to the intent of the Legislature. To do so, we begin with the language of the statute, ascertaining the intent that may reasonably be inferred from its language. The words contained in the statute provide us with the most reliable evidence of

-1-

the Legislature's intent. Terms used in a statute must be given their plain and ordinary meaning, and it is appropriate to consult a dictionary for definitions. [*Id.* at 254-255 (quotation marks and citations omitted).]

"In general, tax exempt[ion] statutes must be strictly construed in favor of the taxing authority." *Mich United Conservation Clubs v Lansing Twp*, 423 Mich 661, 664; 378 NW2d 737 (1985). A petitioner has the burden of establishing entitlement to an exemption by a preponderance of the evidence. *ProMed Healthcare v Kalamazoo*, 249 Mich App 490, 494-495; 644 NW2d 47 (2002).

The principal residence exemption is governed by MCL 211.7cc and MCL 211.7dd. See *EldenBrady*, 294 Mich App at 256. MCL 211.7cc(1) states, in relevant part: "A principal residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under section 1211 of the revised school code, 1976 PA 451, MCL 380.1211, if an owner of that principal residence claims an exemption as provided in this section." MCL 211.7dd(c) states, in pertinent part:

> "Principal residence" means the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established. Except as otherwise provided in this subdivision, principal residence includes only that portion of a dwelling or unit in a multiple-unit dwelling that is subject to ad valorem taxes and that is owned and occupied by an owner of the dwelling or unit. *Principal residence also includes all of an owner's unoccupied property classified as residential that is adjoining or contiguous to the dwelling subject to ad valorem taxes and that is owned and occupied by the owner. . . .* [Emphasis added.]

MCL 211.7cc(16) provides:

> Except as otherwise provided in subsection (30) [applicable to properties used as a bed and breakfast], *if the principal residence is* part of a unit in a multiple-unit dwelling or *a dwelling unit in a multiple-purpose structure, an owner shall claim an exemption for only that portion of the total taxable value of the property used as the principal residence of that owner* in a manner prescribed by the department of treasury. If a portion of a parcel for which the owner claims an exemption is used for a purpose other than as a principal residence, the owner shall claim an exemption for only that portion of the taxable value of the property used as the principal residence of that owner in a manner prescribed by the department of treasury. [Emphasis added.]

In *EldenBrady*, 294 Mich App at 252, the petitioners owned a 10-acre parcel of property that was contiguous to the property on which their home was located. An abandoned school building was on the 10-acre parcel. *Id*. Also, the 10-acre parcel was zoned residential. *Id*. This Court held that the petitioners were entitled to a principal residence exemption for the 10-acre parcel. *Id*. at 256-260. The 10-acre parcel was not vacant, i.e., it was not devoid of inanimate objects, contents, or structures, given the presence of the abandoned school building, but this

Court held that the parcel was "unoccupied" for the purpose of the principal residence exemption because it lacked human occupants, i.e., there were no tenants or residents on the parcel. *Id*.

> No part of petitioners' 10-acre parcel or abandoned school building was used as a residence or dwelling, and no part of the parcel or school building had tenants or residents. Accordingly, we conclude that the 10-acre parcel was "unoccupied" within the meaning of MCL 211.7dd(c). Because the parcel was zoned residential, was adjoining or contiguous to petitioners' dwelling, and was "unoccupied" within the meaning of MCL 211.7dd(c), petitioners were entitled to a principal residence exemption on the property. [*Id*. at 259.]

The *EldenBrady* Court noted that the failure to make this distinction between "vacant" and "unoccupied" would render any property with a garage or shed ineligible for the principle residence exemption. *Id*.

In the present case, petitioner argues that the Tax Tribunal erred in prorating his principal residence exemption. According to petitioner, the Tax Tribunal should not have relied on a guidelines document published by the Department of Treasury concerning the principal residence exemption. The Tax Tribunal quoted the following portion of the guidelines, which is stated in a question-and-answer format:

> 18. A person owns a property with two dwellings on it; the second dwelling has water service but no kitchen or bathroom. Should the exemption be prorated?

> Yes. If both structures are assessed as dwellings, the exemption must be prorated based on the portion of the taxable value of the property used as the principal residence. [Guidelines for the Michigan Principal Residence Exemption Program, <http://www.michigan.gov/documents/2856_11014_7.pdf> (accessed November 6, 2015) (emphasis deleted).][1]

According to petitioner, the Tax Tribunal erred in relying on this "vague and ambiguous guideline" and the Tax Tribunal should instead have followed *EldenBrady*, which petitioner views as governing the present case. Petitioner argues that he has established "all three prongs" in *EldenBrady*: his property is zoned residential, the house and the other structure on the property in which petitioner had an apartment are part of the same, contiguous parcel, and the house is "unoccupied" within the meaning of MCL 211.7dd(c). Hence, petitioner argues, he is entitled to a principal residence exemption for his entire property and not merely for the portion of the property that he uses as his residence.

---

[1] We note that the language quoted above contains minor nonsubstantive changes from the version cited by the Tax Tribunal, and that the question in the guidelines is now designated as number 18 whereas the question in the version cited by the Tax Tribunal was listed as number 19. The document was revised in September 2014, after the Tax Tribunal's decision in this case.

Respondent notes that the Department of Treasury guidelines are consistent with the Department of Treasury's instructions on the affidavit that must be filed in order to claim a principal residence exemption. Line 12 of the affidavit instructions provides:

> If you own and occupy the entire property as a principal residence, you may claim a 100 percent exemption. If you own and live in a multi-unit or multi-purpose property (e.g., a duplex or apartment building, or a storefront with an upstairs flat), you can only claim a partial exemption based on that portion that you use as a principal residence. Calculate your portion by dividing the floor area of your principal residence by the floor area of the entire building. A percentage must be provided. [Instructions for Form 2368, Principal Residence Exemption (PRE) Affidavit, <https://www.michigan.gov/documents/2368f_2605_7.pdf> (accessed November 6, 2015).]

MCL 211.7cc(2) provides that an affidavit for claiming a principal residence exemption "shall be on a form prescribed by the department of treasury." The Department of Treasury thus possesses statutory authority to prescribe the form used to claim a principal residence exemption.

But despite the Department of Treasury's undisputed authority to dictate the form of an affidavit claiming an exemption, the Department of Treasury guidelines do not resolve the substantive legal issue whether proration was appropriate in the present case. This Court must apply the governing statutory provisions concerning the principal residence exemption in determining whether the Tax Tribunal committed a legal error.[2] Respondent argues that, although not cited by the Tax Tribunal, MCL 211.7cc(16) required proration in this case. Again, MCL 211.7cc(16) states that "if the principal residence is part of a unit in a multiple-unit dwelling or a dwelling unit in a multiple-purpose structure, an owner shall claim an exemption for only that portion of the total taxable value of the property used as the principal residence of that owner in a manner prescribed by the department of treasury." "Multiple" means, in relevant part, "consisting of, including, or involving more than one" or "having numerous aspects or functions[.]" *Merriam-Webster's Collegiate Dictionary* (11th ed).

Respondent asserts that petitioner's dwelling unit was in a multiple-purpose structure. Petitioner lives in an apartment comprising approximately 800 square feet of a 6,000 square foot "pole building for commercial use" that petitioner refers to as his "hobby shop." The 1,418 square foot house on the property has not been occupied by petitioner since September 2007. Petitioner uses the house for storage. According to respondent, these facts support the conclusion that the 6,000 square foot building constitutes a multiple-purpose structure given that it is a pole building for commercial use that petitioner considers a hobby shop and of which the apartment takes up only 800 square feet. Therefore, respondent reasons, petitioner's principal residence is a dwelling unit in a multiple-purpose structure, and MCL 211.7cc(16) limits

---

[2] The Department of Treasury guidelines reflect its interpretation of a statute that it is charged with enforcing and do not have the force of a legal requirement, but is entitled to respectful consideration. See *Kmart Mich Prop Servs, LLC v Dep't of Treasury*, 283 Mich App 647, 654-655; 770 NW2d 915 (2009).

petitioner's exemption to "only that portion of the total taxable value of the property used as [petitioner's] principal residence . . . ."

However, the Tax Tribunal[3] did not find that the hobby shop comprises a multiple-purpose structure with competent, material, and substantial evidence on the whole record. *Drew*, 299 Mich App at 499. The Tax Tribunal did not render findings regarding how the hobby shop is used or what purposes it serves other than that petitioner lives in an apartment portion of the hobby shop that he converted from an office.[4] Indeed, the Tax Tribunal failed even to cite or address MCL 211.7cc(16), let alone find that the hobby shop is a multiple-purpose structure under that provision. The Tax Tribunal's findings therefore fail to establish the applicability of this statutory limitation on the principal residence exemption.

Another flaw in respondent's argument is that it begs the question of *what* constitutes petitioner's "principal residence." That is, respondent's argument simply *assumes* that petitioner's principal residence is comprised *solely* of the 800-square foot apartment in the hobby shop. Respondent then proceeds to reason that because petitioner's principal residence is a dwelling unit in a multiple-purpose structure, petitioner may only claim an exemption for the apartment itself. But MCL 211.7dd(c) states that the "[p]rincipal residence also includes all of an owner's unoccupied property classified as residential that is adjoining or contiguous to the dwelling subject to ad valorem taxes and that is owned and occupied by the owner. . . ." If a taxpayer's parcel of property is zoned residential, is adjoining or contiguous to the taxpayer's

---

[3] The March 5, 2014 denial of the principal residence exemption cited the lack of water usage to either building on the property since September 2013. Accordingly, the proofs offered by petitioner at the hearing primarily consisted of petitioner's affidavit explaining his use of the property and the water usage to his buildings, his water bills, and copies of his checks paying his water bills. Despite the water usage as the reason for the denial of the principal residence exemption, the Tax Tribunal did not address the water usage, but rendered a denial premised on the multi-purpose use of the structure. There is no indication that petitioner was placed on notice to present proofs regarding this issue.

[4] Respondent asserts in its appellate brief that petitioner conducts business in the hobby shop under the name BJ Tooling, Inc., but the Tax Tribunal did not make any findings to that effect in the present case. We note that in a prior case concerning earlier tax years, the Tax Tribunal found that petitioner operated a commercial service repair shop on the property. But there are no findings in the present case establishing that petitioner continues to operate such a business or that he uses the hobby shop for this purpose. Petitioner's denial of the exemption had been premised on the lack of water use. However, petitioner explained his conservative water usage, noting that he travelled to Florida for the winter and took extended vacations. The Tax Tribunal made no findings regarding petitioner's commercial use of the property to support respondent's assertion. Whether petitioner's property was appropriately used in light of its residential zoning classification presented an issue for zoning and building inspectors.

dwelling, and is unoccupied within the meaning of MCL 211.7dd(c), then a petitioner is entitled to a principal residence exemption for that property. *EldenBrady*, 294 Mich App at 257-259.[5]

Here, the Tax Tribunal found that the property is classified as residential, that petitioner owns the property, that petitioner lives in the 800-square foot apartment in the hobby shop, and that the 1,418 square foot house on the property has been unoccupied since September 2007 and is used only for storage. There is no claim or evidence that petitioner had tenants or occupants on any portion of the property during the tax years at issue. There are no findings in this case regarding how the hobby shop is used aside from the fact that petitioner lives in the office portion of the structure that he converted to an apartment. Overall, the Tax Tribunal's findings satisfy the requirements of MCL 211.7dd(c) and *EldenBrady* for determining that the unoccupied portion of the property is included as part of petitioner's principal residence. The property is zoned residential, the parcel is adjoining or contiguous to the apartment, the house is unoccupied as it is used only for storage, and the property is otherwise unoccupied. Hence, petitioner's principal residence is not confined to the apartment in the hobby shop, thereby making the limitation on the exemption contained in MCL 211.7cc(16) that is cited by respondent inapplicable. Accordingly, because the Tax Tribunal committed a legal error under the governing statutory provisions by limiting the exemption to the apartment itself, we reverse the portion of the Tax Tribunal decision prorating the exemption and remand for entry of a judgment granting petitioner a principal residence exemption that is not prorated. In light of our disposition, we need not address petitioner's remaining challenges.

Reversed in part and remanded for entry of a judgment granting petitioner a personal residence exemption that is not prorated. We do not retain jurisdiction.

/s/ Henry William Saad
/s/ Cynthia D. Stephens
/s/ Colleen A. O'Brien

---

[5] A statute must be read as a whole, not in isolation, and the court should avoid an interpretation that would render any part of the statute surplusage or nugatory. *Badeen v Par, Inc*, 496 Mich 75, 81; 853 NW2d 303 (2014). The Tax Tribunal's interpretation renders MCL 211.7dd(c) nugatory because it eliminated the single family residence, now used as storage, from the principal residence exemption despite the fact that the home is vacant and the property is a contiguous parcel. Moreover, the instructions for the principal residence exemption affidavit contain examples of a multi-unit or multi-purpose property as a duplex, apartment building, or storefront with an upstairs flat. Petitioner's allocation of a portion of the hobby shop building to a residence does not fall within this type of usage. Moreover, there was no evidence and no legal conclusions rendered regarding petitioner's use, commercial or otherwise, of the other portion of this building.