MARIE De LAMIELLEURE TRUST v DEPARTMENT OF TREASURY

Docket No. 313753. Submitted March 5, 2014, at Lansing. Decided
    March 20, 2014. Approved for publication May 20, 2014, at 9:00 a.m.

    The Marie DeLamielleure Trust (identified in the order being
appealed as the Marie "De Lamielleure" Trust) petitioned the
Department of Treasury, challenging respondent's decision to
assess the trust additional taxes after an audit revealed that the
trust had improperly received a principal residence exemption
(PRE) for tax years 2005 through 2007. In 2003, Marie
DeLamielleure had executed a quitclaim deed of the property at
issue to herself as trustee of petitioner. In 2004, after DeLamielleu-
re's death, petitioner filed a request to rescind the PRE. The local
assessor, mistakenly believing that it was unnecessary to remove
the PRE until the property was sold, did not effectuate petitioner's
rescission request. Respondent later reviewed petitioner's PRE
status, in accordance with MCL 211.7cc(8), for the tax years 2005
through 2007 and assessed the tax for those three years petitioner
was ineligible for, yet received, a PRE. Respondent did not assess
any interest or penalties because the assessor acknowledged that
he was responsible for the mistaken application of the PRE. The
Tax Tribunal, Kimbal R. Smith III, J., initially adopted the
proposed opinion and judgment of the hearing referee, which
concluded that petitioner was not entitled to the PRE for the years
at issue. However, on petitioner's motion for reconsideration, the
Tax Tribunal vacated this order in light of *Mikelonis v Dep't of
Treasury*, unpublished opinion per curiam of the Court of Appeals,
issued June 26, 2012 (Docket No. 304054). Under *Mikelonis*, the
Tribunal concluded that respondent's authority to review a tax-
payer's PRE status was limited to instances in which the taxpayer
"claimed" the exemption, and petitioner had not claimed the PRE
but rather requested that it be rescinded. The Tribunal denied
respondent's motion for reconsideration, and respondent ap-
pealed.

    The Court of Appeals *held*:

    The Tax Tribunal erred by reinstating petitioner's PRE for tax
years 2005 through 2007. The plain language of MCL 211.7cc(15)
required the tax to be corrected after the assessor failed to

effectuate petitioner's written request to rescind the PRE and after the audit determined that the PRE should have been denied. The Tax Tribunal lacked the power to allow the exemption as a matter of equity.

Reversed and remanded.

TAXATION — PRINCIPAL RESIDENCE EXEMPTION — REQUESTS TO RESCIND EXEMPTION — ASSESSOR ERRORS.

A corrected or supplemental tax bill must be issued to a taxpayer who received an invalid principal residence exemption as the result of an assessor's failure to effectuate the taxpayer's request to rescind the exemption (MCL 211.7cc(8)).

*Richard J. DeLamielleure* for petitioner.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Matthew B. Hodges*, Assistant Attorney General, for respondent.

Before: DONOFRIO, P.J., and SAAD and METER, JJ.

DONOFRIO, P.J. Respondent, the Department of Treasury, appeals as of right the October 19, 2012, order of the Michigan Tax Tribunal granting the motion of petitioner, Marie DeLamiellure Trust,[1] for reconsideration of the Tribunal's April 27, 2012, final opinion and judgment. The Tribunal reinstated petitioner's principal residence exemption (PRE) for the tax years in issue. We reverse and remand.

In 2003, Marie De Lamielleure executed a quitclaim deed of the property in issue to herself as trustee of petitioner. In 2004, after De Lamielleure's death, petitioner filed a request to rescind the PRE. The local

---

[1] We note that the spelling of Marie's last name varies between "DeLamielleure" and "De Lamielleure" in the lower court record, but because the final order uses the latter form in the caption, we will employ that form for consistency.

assessor mistakenly believed that it was unnecessary to remove the PRE until the property was sold and did not effectuate petitioner's rescission request. Respondent later audited petitioner, in accordance with MCL 211.7cc(8), a provision of the General Property Tax Act (GPTA), for the tax years 2005 through 2007 and assessed the tax for those three years petitioner was ineligible for, yet received, a PRE. Respondent did not assess any interest or penalties because the assessor acknowledged that he was responsible for the mistaken application of the PRE.

"Where a statute is clear and unambiguous, judicial construction is neither appropriate nor permitted, and the language contained in the statute must be read according to its ordinary and generally accepted meaning." *Columbia Assoc, LP v Dep't of Treasury*, 250 Mich App 656, 666; 649 NW2d 760 (2002). "Nothing may be read into a clear statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 141; 783 NW2d 133 (2010) (citation and quotation marks omitted).

"[T]ax exemptions are strictly construed against the taxpayer because exemptions represent the antithesis of tax equality . . . ." *Elias Bros Restaurants, Inc v Treasury Dep't*, 452 Mich 144, 150; 549 NW2d 837 (1996). However, ambiguities in the language of a tax statute are resolved in favor of the taxpayer. *Mich Milk Producers Ass'n v Dep't of Treasury*, 242 Mich App 486, 493; 618 NW2d 917 (2000).

Section 7cc(1) of the GPTA, MCL 211.1 *et seq.*, provides, in relevant part:

> A principal residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under section 1211 of the revised school

code, 1976 PA 451, MCL 380.1211, if an owner of that principal residence claims an exemption as provided in this section. [MCL 211.7cc(1).]

MCL 211.7cc(2) provides that an owner of property may claim a PRE by filing an affidavit stating that "the property is owned and occupied as a principal residence by that owner of the property on the date that the affidavit is signed." MCL 211.7cc also provides for the rescission of a claim for a PRE where the exemption is no longer applicable:

Except as otherwise provided in this subsection, not more than 90 days after exempted property is no longer used as a principal residence by the owner claiming an exemption, that owner shall rescind the claim of exemption by filing with the local tax collecting unit a rescission form prescribed by the department of treasury. [MCL 211.7cc(5).]

In addition to prescribing procedures by which respondent "may review the validity of exemptions for the current calendar year and for the 3 immediately preceding calendar years," MCL 211.7cc(8) provides the remedy in the instant situation. MCL 211.7cc(8) provides, in relevant part:

The department of treasury may waive interest on any tax set forth in a corrected or supplemental tax bill for the current tax year and the immediately preceding 3 tax years if the assessor of the local tax collecting unit files with the department of treasury a sworn affidavit in a form prescribed by the department of treasury stating that the tax set forth in the corrected or supplemental tax bill is a result of the assessor's classification error or other error *or the assessor's failure to rescind the exemption after the owner requested in writing that the exemption be rescinded.* Taxes levied in a corrected or supplemental tax bill shall be returned as delinquent on the March 1 in the year imme-

diately succeeding the year in which the corrected or supplemental tax bill is issued. [Emphasis added.]

MCL 211.7cc(15) provides, in relevant part:

> When an exemption is rescinded, the assessor of the local tax collecting unit shall remove the exemption effective December 31 of the year in which the affidavit was filed that rescinded the exemption. For any year for which the rescinded exemption has not been removed from the tax roll, the exemption shall be denied as provided in this section. However, interest and penalty shall not be imposed for a year for which a rescission form has been timely filed under subsection (5).

Under the plain statutory language, if an assessor failed to rescind a PRE as requested and it is later determined that the PRE should have been denied, the tax should be corrected, but no interest or penalty should be assessed.

Petitioner argues, and the Tax Tribunal agreed, that MCL 211.7cc(8) did not apply to the instant circumstances because petitioner no longer claimed a PRE after requesting a rescission in 2004. Petitioner relies on *Mikelonis v Dep't of Treasury*, unpublished opinion per curiam of the Court of Appeals, issued June 26, 2012 (Docket No. 304054),[2] in which the Court stated:

> MCL 211.7cc(8) clearly limits respondent's authority to review a taxpayer's PRE status to instances where the taxpayer claimed a PRE, and to deny a claim for a PRE if the property is not the residence of the owner claiming the exemption. Respondent cannot broaden the clear statutory language by denying exemptions under § 7cc(8) that were not claimed by the property owner. In this case, petitioner did not claim a PRE and, therefore, there was no claim for respondent to deny. [*Id.*, unpub op at 4.]

---

[2] Unpublished cases are not binding authority. MCR 7.215(C)(1).

The Court based its interpretation of MCL 211.7cc(8) on the inclusion of the word "claim" throughout the statute and the requirement in MCL 211.7cc(2) that an affidavit must accompany a claim. *Mikelonis*, unpub op at 3-4. The Court explained that a "claim" could not be equated with receiving a PRE benefit. *Id.* at 4. However, the petitioner in *Mikelonis* made no claim and took no action regarding a PRE throughout the tax years at issue. *Id.* The petitioner could not file a PRE claim because she did not own the property when it was eligible for the PRE and because she was informed that it was no longer eligible for a PRE after she purchased it. See *id.* at 1-2, 4.

In contrast, De Lamielleure claimed a PRE on the property during her lifetime and her trust attempted to rescind the claim after her death. MCL 211.7cc(2) provides that an affidavit for a PRE filed before January 1, 2004, "shall remain in effect until rescinded as provided in this section." Petitioner benefitted from that claim despite an ineffectual attempt to rescind the PRE.

Additionally, the Legislature's inclusion of scenarios in which an assessor failed to rescind a PRE as requested and in which a rescinded PRE had not been removed from the tax rolls indicate that a claim can continue to exist despite the intention to have it removed.

Petitioner cites three cases for the proposition that respondent should be estopped from assessing taxes that were not previously assessed because of respondent's errors.[3] However, these cases do not deal with the

---

[3] The cases petitioner cites are *Spoon-Shacket Co v Oakland Co*, 356 Mich 151, 167-168; 97 NW2d 25 (1959), *Oliphant v Frazho*, 381 Mich 630, 637-639; 167 NW2d 280 (1969), and *Detroit Hilton Ltd Partnership v Dep't of Treasury*, 422 Mich 422, 429-431; 373 NW2d 586 (1985).

statutory scheme set forth in MCL 211.7cc, which addresses the procedures for claiming and rescinding a PRE. Also, the express powers of the Tax Tribunal are those authorized by statute, and the Tribunal has not been invested with equitable powers. MCL 205.731; MCL 205.732; *Federal-Mogul Corp v Dep't of Treasury*, 161 Mich App 346, 359; 411 NW2d 169 (1987).

The Tribunal committed an error of law, *Klooster v Charlevoix*, 488 Mich 289, 295; 795 NW2d 578 (2011), and reversal is warranted.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

SAAD and METER, JJ., concurred with DONOFRIO, P.J.