# STATE OF MICHIGAN

# COURT OF APPEALS

RAMON D. JOHNSON II,

        Petitioner-Appellant,

v

MICHIGAN DEPARTMENT OF TREASURY,

        Respondent-Appellee.

UNPUBLISHED
September 13, 2016

No. 327299
Tax Tribunal
LC No. 14-003146-TT

Before: TALBOT, C.J., and O'CONNELL and OWENS, JJ.

PER CURIAM.

Petitioner, Ramon D. Johnson II, appeals as of right the Michigan Tax Tribunal's order denying his motion for reconsideration of its final opinion and judgment, in which the Tribunal concluded that Johnson was not entitled to a principal residence exemption for the 2009, 2010, 2011, and 2012 tax years. We affirm.

## I. FACTUAL BACKGROUND

The facts in this case are not in dispute. In July 2008, Johnson began renting his property in Canton, Michigan, and he did not occupy the property during the tax years at issue. Johnson notified Canton Township by letter in March 2009 that he was renting the property. In November 2012, the Department of Treasury (the Department) denied Johnson's principal residence exemption on the property. In February 2013, Canton Township issued a revised summer tax bill on the basis of the denial, and in March 2013, Wayne County issued tax adjustment notices for 2009, 2010, and 2011.

Johnson appealed the Department's denial of his exemption. As part of his appeal before the Tribunal, Johnson attempted to argue that the supplemental tax bills for 2009 to 2012 were void, that the Department had not complied with auditing guidelines, that he should not be required to pay penalties and interest, and that he was entitled to a conditional rescission of his exemption for the tax years at issue. The Tribunal denied Johnson's claims, ruling that the Department properly denied Johnson's exemption, he had not timely appealed the revised tax bills, it could not grant a conditional rescission that Johnson had not timely claimed, and that the Department's annual auditing requirements did not prevent it from retroactively seeking to recover his exemptions under a 3-year claw back provision.

## II. STANDARDS OF REVIEW

-1-

This Court's review of the Tribunal's decision is very limited. *Drew v Cass Co*, 299 Mich App 495, 498; 830 NW2d 832 (2013). When a party does not dispute the facts or allege fraud, we review whether the Tribunal "made an error of law or adopted a wrong principle." *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527-528; 817 NW2d 548 (2012). We review de novo the Tribunal's interpretation and application of tax statutes. *Id*.

The primary purpose of statutory interpretation is to "discern and give effect to the intent of the Legislature." *EldenBrady v City of Albion*, 294 Mich App 251, 254; 816 NW2d 449 (2011). To do so, we examine the language of the statute because "[t]he words contained in the statute provide us with the most reliable evidence of the Legislature's intent." *Id*. We afford unambiguous statutory terms their plain and ordinary meanings. *Marie De Lamielleure Trust v Dep't of Treasury*, 305 Mich App 282, 284; 853 NW2d 708 (2014). We construe tax exemptions strictly against the taxpayer. *Id*.

### III. FAILURE TO APPEAL ADJUSTMENT NOTICES

Johnson states three issues regarding the revised summer tax bill and adjustment notices, asserting that (1) the Tribunal improperly ruled that Wayne County and Canton Township needed to be parties to the appeal, (2) the supplemental bills are void because they were not timely issued, and (3) bringing the tax bills to the Tribunal's attention was sufficient to appeal them. We conclude that the Tribunal properly refused to grant relief on issues involving the notice of taxes due and revised tax bills.

The Tribunal's statement that Wayne County and Canton Township were not party to the appeal was merely an explanation, not a reason in and of itself for refusing to consider the tax bills. A party must appeal a tax bill within 60 days of mailing to invoke the Tribunal's jurisdiction over the bill. MCL 205.735a(6). The party must do this by "filing a written petition" and serving it on the respondent by certified mail. MCL 205.735a(6) In this case, Johnson appealed from the Department's rejection of his principal residence exemption, not his subsequent tax bills. There is no indication that Johnson complied with the jurisdictional requirements to appeal his tax bills by filing a petition regarding them. Johnson failed to invoke the Tribunal's jurisdiction regarding the tax bills, and the Tribunal properly declined to consider matters over which its jurisdiction was not properly invoked. See *Syzkanski v Westland*, 420 Mich 301, 305; 362 NW2d 224 (1984). We conclude that Johnson's assertions are without merit.

### IV. THE DEPARTMENT'S DUTY TO AUDIT

Johnson next contends that the Treasury may not recover his exemption for tax years 2009, 2010, or 2011 because it failed to comply with MCL 211.7cc(14) by conducting audits for those years.[1] We disagree.

---

[1] MCL 211.7cc(21) now provides the Department with express authority to recover wrongfully issued principal residence exemptions for the preceding 3 years. 2013 PA 140.

MCL 211.7cc(14) provides that the Department "shall conduct an annual audit of exemptions" for each county that does not elect to audit its own exemptions. The Department does not dispute that it did not audit Johnson's exemptions in 2009, 2010, or 2011. However, the Department has authority to review exemptions for the proceeding three calendar years and to collect nonexempt taxes for those years:

> The department of treasury shall determine if the property is the principal residence of the owner claiming the exemption. The department of treasury may review the validity of exemptions for the current calendar year and for the 3 immediately preceding calendar years. . . . The department of treasury shall then assess the owner who claimed the exemption under this section for the tax and interest plus penalty accruing as a result of the denial of the claim for exemption, if any, as for unpaid taxes . . . . [MCL 211.7cc(8).]

The language of this statutory section does not condition this authority on the Department's requirement to audit annually. To impose such a condition would read language into the statute, which this Court will not do. See *EldenBrady*, 294 Mich App at 254. Because plain, unambiguous statutory language allows the Department to assess delinquent taxes, interest, and penalties for a denied exemption for the three previous calendar years, the Tribunal properly allowed the Department to do so in this case.

## V. NOTIFICATION AND CONDITIONAL RESCISSION

Finally, Johnson contends that he should be allowed to file for conditional rescission on his property. We disagree.

Accepting as true that Johnson moved for economic reasons, was unable to sell his home because of the economic downturn, and informed Canton Township that he was renting the home, the plain language of the conditional rescission statute required the Tribunal to reject any conditional rescission claims because the house was not vacant. MCL 211.7cc(5) provides:

> If an owner is eligible for and claims an exemption for that owner's current principal residence, that owner may retain an exemption for not more than 3 tax years on property previously exempt as his or her principal residence *if that property is not occupied, is for sale, is not leased,* and is not used for any business or commercial purpose by filing a conditional rescission form prescribed by the department of treasury with the local tax collecting unit . . . . [Emphasis added.]

In this case, Johnson leased his property to a tenant. Accordingly, he was not allowed to file for conditional rescission, and the Tribunal properly denied any such claim.

We affirm.

/s/ Michael J. Talbot
/s/ Peter D. O'Connell
/s/ Donald S. Owens

-3-