# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID N. RENTSCHLER,

Petitioner-Appellant,

v

TOWNSHIP OF MELROSE,

Respondent-Appellee.

FOR PUBLICATION
November 28, 2017
9:00 a.m.

No. 336333
Tax Tribunal
LC No. 16-000095-TT

Before: HOEKSTRA, P.J., and STEPHENS and SHAPIRO, JJ.

SHAPIRO, J.

Petitioner appeals the Michigan Tax Tribunal's decision that he was not entitled to a Principal Residence Exemption (PRE) under MCL 211.7cc for the 2013, 2014, and 2015 tax years. Because the Tribunal made an error of law, we reverse.[1]

## I. FACTS AND TAX TRIBUNAL PROCEEDINGS

Petitioner is the owner of a property located in Boyne City, Michigan ("the property"). Petitioner applied for PRE exemption on the property. On December 12, 2015, respondent issued a notice denying petitioner's claim for the 2013, 2014, and 2015 tax years for two reasons. First, it stated that "[t]he property claimed is not the owner's principal residence," and second, that the "[o]wners employment [sic] out of state. Property possibly rented during part of year." Petitioner filed an appeal with the Michigan Tax Tribunal contesting respondent's factual assertions and contending that he should be granted a PRE on the property. In support of his appeal, petitioner submitted an affidavit stating that the property had been his principal residence

---

[1] In the absence of fraud, this Court reviews the Michigan Tax Tribunal's decision for "misapplication of the law or adoption of a wrong principle." *EldenBrady*, 294 Mich App 251, 254; 816 NW2d 449 (2011) (quotation marks and citation omitted). Fact findings are conclusive if supported by "competent, material, and substantial evidence on the whole record." *Benedict v Dep't of Treasury*, 236 Mich app 559, 563; 601 NW2d 151 (1999) (citation omitted). This Court reviews matters of statutory interpretation de novo. *EldenBrady*, 294 Mich App at 254.

for the relevant tax years. He presented proofs that during each year, he had been registered to vote at that address and that this was the address listed on his driver's license and his tax returns. Petitioner also averred that he had not claimed "a substantially similar exemption in property in another state."[2]

After a hearing, the Tribunal accepted petitioner's factual claims. It found that petitioner was the owner of the property, that the property was residential, and that petitioner had occupied the property for the majority of the 2013, 2014, and 2015 tax years. Nevertheless, the Tribunal denied the PRE because petitioner had rented out the residence for more than 14 days during each year. It relied on the Michigan Department of Treasury Guidelines for the Michigan Principal Resident Exemption program (PRE guidelines). The relevant PRE guideline states: "[I]f an owner rents his property for more than 14 days a year, the property is not entitled to a principal residence exemption." The Tribunal noted:

> [T]he guidelines "do not have the force of law." However, agency interpretations are granted respectful consideration, and if persuasive, should not be overruled without cogent reasons. The Tribunal, finding no cogent reason to disregard the Department's guidelines, is persuaded that Petitioner's leasing of the subject property negates entitlement to a principal residence exemption. [Quotation marks omitted.]

Based upon this guideline, the Tribunal concluded that petitioner was not entitled to a PRE under MCL 211.7cc for the tax years, 2013-2015. Petitioner appeals from that determination.

## II. LEGAL ANALYSIS

"Michigan's principal residence exemption, also known as the 'homestead exception,' is governed by §§ 7cc and 7dd of the General Property Tax Act, MCL 211.7cc and MCL 211.7dd." *EldenBrady v City of Albion,* 294 Mich App 251, 256; 816 NW2d 449 (2011). MCL 211.7cc(1) provides in pertinent part that "[a] principal residence is exempt from the tax levied by a local school district for school operating purposes . . . if an owner of that principal residence claims an exemption as provided in this section."

> Further, MCL 211.7cc(2) provides in pertinent part:

> [A]n owner of the property may claim 1 exemption under this section by filing an affidavit . . . . The affidavit shall state that the property is owned and occupied as a principal residence by that owner of the property on the date that the affidavit is signed and shall state that the owner has not claimed a substantially similar exemption, deduction, or credit on property in another state. . . .

On appeal, petitioner points out that the Tribunal concluded that he satisfies each of these requirements. He further argues that the General Property Tax Act ("GPTA") itself does not

---

[2] Respondent does not contend that petitioner has requested a similar exemption as to his Ohio, or any other, property.

contain any language that would disqualify him and that the PRE guideline is contrary to the clear and unambiguous language of the GPTA.[3]  We agree with petitioner.

In support of its adherence to the PRE guidelines, the Tribunal cited the second and third sentences of MCL 211.7dd(c).  The Tribunal's opinion reads in pertinent part:

> [W]hen the second and third sentence of MCL 211.7dd(c) are read in conjunction with one another, it is clear that the Legislature intended a principal residence to include only that portion of the property that is owned and occupied by the owner (as a principal residence), *unless* the portion that is unoccupied, and rented or leased to another, is less than 50% of the total square footage of living space. . . .

The Tribunal wrongly applied the cited provisions within MCL 211.dd(c).  The second sentence of MCL 211.7dd(c) deals with multiple-dwelling units, and provides, "Except as otherwise provided in this subdivision, principal residence includes only that portion of a dwelling or unit in a multiple-unit dwelling that is subject to ad valorem taxes and that is owned and occupied by an owner of the dwelling or unit."  Petitioner's property is not a multiple-dwelling unit and so, this sentence does not apply.  The third sentence of MCL 211.7dd(c) provides, "Principal residence also includes all of the owner's unoccupied property classified as residential that is adjoining or contiguous to the dwelling subject to ad valorem taxes and that is owned and occupied by the owner."  This sentence is also inapplicable to the present case as there is no adjoining or contiguous property in issue.

The other statutory provision cited by the Tribunal is MCL 211.27a(11) which defines "commercial purpose" as "used in connection with any business or other undertaking intended for profit, but does not include the rental of residential real property for a period of less than 15 days in a calendar year."  However, that definition is by its own terms limited to 211.27a.[4]  In addition, the use of the term in MCL 211.27a is limited to whether residential property transfers within a family trigger a reassessment of the property's equalized value.  And MCL 211.27a does not provide that a property used for commercial purposes necessarily loses its status as a residential property.

---

[3] " 'This Court's primary task in construing a statute is to discern and give effect to the intent of the Legislature.' "  *EldenBrady*, 294 Mich App at 254, quoting *Shinholster v Annapolis Hosp*, 471 Mich 540, 548-549; 685 NW2d 275 (2004).  This Court must give effect to every word, cause, and sentence in a statute.  *Robinson v Detroit*, 462 Mich 439, 459; 613 NW2d 307 (2000).  "Where the language of statute is clear and unambiguous, the Court must follow it."  *Id*.

[4] MCL 211.27a(11) states that the definitions it provides define the term "as used in this section."

We also note that MCL 211.7cc(3) sets forth multiple scenarios disqualifying a property from receiving a PRE exemption, none of which applies to the petitioner in this case. [5]

Given that petitioner meets all the statutory qualifications for the PRE and does not fall within any disqualification, the question is whether the PRE guideline on which the Tribunal relied,[6] properly states the law. We hold that it does not.

---

[5] MCL 211.7cc(3) states:

[A]person is not entitled to an exemption under this section in any calendar year in which any of the following conditions occur:

(a) That person has claimed a substantially similar exemption, deduction, credit, regardless of amount, on property in another state. . . .

(b) Subject to subdivision (a), that person or his or her spouse owns property in a state other than this state for which that person or his or her spouse claims an exemption, deduction, or credit substantially similar to the exemption provided under this section, unless that person and his or her spouse file separate income tax returns.

(c) That person has filed a nonresident Michigan income tax return, except active duty military personnel stationed in this state with his or her principal residence in this state.

(d) That person has filed an income tax return in a state other than this state as a resident, except active duty military personnel stationed in this state with his or her principal residence in this state.

(e) That person has previously rescinded an exemption under this section for the same property for which an exemption is now claimed and there has not been a transfer of ownership of that property after the previous exemption was rescinded, if either of the following conditions is satisfied:

(i) That person has claimed an exemption under this section for any other property for that tax year.

(ii) That person has rescinded an exemption under this section on other property, which exemption remains in effect for that tax year, and there has not been a transfer of ownership of that property. MCL 211.7cc(3).

[6] Http://www.michigan.gov/taxes/0,4676,7-238-43535_43539---,00.html.

Michigan PRE guidelines do not have the force of a legal requirement. MCL 205.3(f) provides that the Department of Treasury "may periodically issue bulletins that index and explain current department interpretations of current state tax laws." The statute also makes a separate provision for rules issued by the Department. MCL 205.3(b).[7] Under MCL 24.207(h), a rule does not include "[a] form with instructions, an interpretative statement, a guideline, an informational pamphlet, or other material that in itself does not have the force and effect of law but is merely explanatory." Therefore, while a rule has the force of law, guidelines do not. *Kmart Michigan Prop Servs, LLC v Dep't of Treasury*, 283 Mich App 647, 654; 770 NW2d 915 (2009).

The specific guideline on which the Tribunal relied is Chapter 4 (Qualified Principal Residence Property), ¶ 20, p 6. The guideline is stated in a question-and-answer format, and reads as follows:

> **20. An owner owns property in a resort/lake area. The owner occupies the home the majority of the year but rents it out during the summer and takes an apartment in town. Is the owner entitled to a 100% principal residence exemption, a reduced exemption, or no exemption?**
>
> Michigan law does not make any provision for granting a partial exemption based on the percentage of the year that the owner occupied the home as a principal residence. Federal law allows an owner to rent their principal residence for less than 15 days during a calendar year without declaring it as a rental property on their tax return. An owner that would be required to declare rental income on their home is not entitled to a principal residence exemption on that property. Therefore, if an owner rents his property for more than 14 days a year, the property is not entitled to a principal residence exemption.

This PRE guideline is contrary to the General Property Tax Act. As discussed *supra,* the controlling statutes do not disqualify a property from primary residence status simply because the residence has been rented for 15 days or more. In addition, the PRE's comparison to federal tax law is unavailing. The relevant federal income tax provisions, including 26 USC 280A, do not support the PRE guidelines.[8] Under federal income tax law, a taxpayer may not deduct

---

[7] MCL 205.3(b) provides:

> After reasonable notice and public hearing, the department may promulgate rules consistent with this act in accordance with the administrative procedures act of 1969, 1969 PA 306, MCL 24.201 to 24.328, necessary to the enforcement of the provisions of tax and other revenue measures that are administered by the department.

[8] The purpose of 26 USC 280A is to "prevent a taxpayer from deducting expenses associated with the normal maintenance of his own dwelling unit." *Holmes v US*, 85 F3d 956, 961 (CA 2, 1996).

expenses related to their primary residence. However, where the residence is rented out, the owner must report his rental income and may deduct the expenses related to rental. The federal statute provides for an exception to this rule when the rental days are 14 or less.[9] This does not mean, however, that renting out one's residence for 15 days or more causes the house to lose its status as a residence. Rather, federal tax law treats the property as having a dual purpose. The taxpayer is not permitted to deduct all expenses related to the property as would be available if the property was used exclusively as a rental. Instead, the expenses for the maintenance of the home are prorated so that the percentage of the expenses that may be deducted is based on the percentage of days rented in the course of the year. 28 USC 280A(e).

In addition, 26 USC 280A(d)(1) provides that a taxpayer may not claim that a dwelling unit[10] is used solely as a rental property if the taxpayer-owner uses it for personal purposes for more than 14 days or 10% of the number of days it is rented out. In other words, if a homeowner stays in the residence for more than 15 days, the residence is considered to be intended for both personal and rental use. This interpretation contrasts with Michigan PRE guidelines, which disqualified an owner for PRE where he rents the residence for 14 days or more.

Other federal guidance is also available. 26 USC 121 provides for the exclusion of gain from sale of a "principal residence." The regulations adopted pursuant to this statute, 26 CFR 1.121-1 (2002), provide a definition of "principal residence" that would clearly encompass petitioner's property. Subsection (b) of the regulations provides:

> (b) *Residence*—(1) *In general. Whether property is used by the taxpayer as the taxpayer's residence depends upon all the facts and circumstances.* A property used by the taxpayer as the taxpayer's residence may include a houseboat, a house trailer, or the house or apartment that the taxpayer is entitled to occupy as a tenant-stockholder in a cooperative housing corporation (as those terms are defined in section 216(b)(1) and (2)). Property used by the taxpayer as

---

[9] 26 USC 280A(g) reads:

Notwithstanding any other provision of this section or section 183, if a dwelling unit is used during the taxable years by the taxpayer as a residence and such dwelling unit is actually rented for less than 15 days during the taxable years, then —

(1) No deduction otherwise allowable under this chapter because of the rental use of such dwelling shall be allowed,

(2) the income derived from such use for the taxable year shall not be included in the gross income of such taxpayer under section 61.

[10] "The term 'dwelling unit' includes a house, apartment, condominium, mobile home, boat, or similar property, and all structures or other property appurtenant to such dwelling unit." 26 USC 280A(f).

the taxpayer's residence does not include personal property that is not a fixture under local law.

> (2) *Principal residence*. In the case of a taxpayer using more than one property as a residence, whether property is used by the taxpayer as the taxpayer's principal residence depends upon all the facts and circumstances. If a taxpayer alternates between 2 properties, using each as a residence for successive periods of time, *the property that the taxpayer uses a majority of the time during the year ordinarily will be considered the taxpayer's principal residence.* In addition to the taxpayer's use of the property, relevant factors in determining a taxpayer's principal residence, include, but are not limited to—

> (i) The taxpayer's place of employment;

> (ii) The principal place of abode of the taxpayer's family members;

> (iii) The address listed on the taxpayer's federal and state tax returns, driver's license, automobile registration, and voter registration card;

> (iv) The taxpayer's mailing address for bills and correspondence;

> (v) The location of the taxpayer's banks; and

> (vi) The location of religious organizations and recreational clubs with which the taxpayer is affiliated.[11] (Emphasis added).

For all these reasons, we conclude that the PRE guideline provision relied on by the Tribunal is erroneous and inconsistent with the GPTA. Renting one's home for more than 14 days does not disqualify a homeowner from the PRE. Accordingly, accepting the Tribunal's factual findings, we conclude that defendant has satisfied the legal requirements to qualify for the PRE. We therefore reverse the Tribunal's decision and remand for entry of a judgement granting petitioner's request for PRE for the 2013, 2014, and 2015 tax years. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Cynthia Diane Stephens

---

[11] 26 CFR 1.121-1 (emphasis added).