*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN HEALTH AND WELLNESS
CENTER, LLC,

UNPUBLISHED
January 20, 2022

Petitioner-Appellant,

v

No. 356003
Tax Tribunal

CHARTER TOWNSHIP OF ROYAL OAK,

LC No. 2020-004561-TT

Respondent-Appellee.

Before: SAWYER, P.J., and SERVITTO and RICK, JJ.

PER CURIAM.

Petitioner appeals as of right the order of the Michigan Tax Tribunal (Tribunal) dismissing petitioner's case on the basis of petitioner having failed to file its petition within 35 days of respondent's resolution levying a special tax assessment. We reverse and remand.

## I. FACTUAL BACKGROUND

On October 10, 2019, respondent's Board of Trustees passed Resolution #19-019, which contained various special tax assessments on the township. On July 8, 2020, petitioner submitted a Freedom of Information Act (FOIA), MCL 15.231 *et seq*., request to respondent, requesting documentation regarding the special assessments passed under Resolution #19-019. Respondent answered, indicating it did not maintain the records petitioner requested. On October 9, 2020, petitioner filed a petition with the Michigan Tax Tribunal, requesting a declaratory judgment that respondent failed to follow the statutory requirements by not holding a hearing on the special assessment and confirming the special assessment. The Tribunal dismissed the case on October 21, 2020 because "[t]he petition was not filed within 35 days after the final decision, ruling, or determination. See MCL 205.735a(6)." Petitioner moved the Tribunal for reconsideration on November 11, 2020, arguing that the Tribunal erred in relying on MCL 205.735a(6) to dismiss the petition, and that the correct provision was MCL 41.726(3). The Tribunal denied petitioner's motion for reconsideration, noting petitioner's 2019 Winter Tax Bill was sent before December 1, 2019, and reasoned that, if that bill was petitioner's "first notice of the special assessment, it

-1-

was required to file a petition with the Tribunal within 35 days of that notice." This appeal followed.

## II. STANDARD OF REVIEW

"Absent fraud, our review of [Tribunal] decisions is limited to determining whether the [Tribunal] erred in applying the law or adopted a wrong legal principle." *Vanderwerp v Plainfield Charter Twp*, 278 Mich App 624, 627; 752 NW2d 479 (2008). Questions of statutory interpretation are reviewed de novo. *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 528; 817 NW2d 548 (2012). An agency's interpretation of a statute may receive "respectful consideration, but [it is] not binding on courts and cannot conflict with the plain meaning of the statute." *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 117-118; 754 NW2d 259 (2008).

## III. LAW AND ANALYSIS

Petitioner argues the Tribunal erred in dismissing its petition because MCL 41.726(3), not MCL 205.735a(6), provides the correct limitations period for petitioner to challenge respondent's special assessment resolution. We agree.

The jurisdiction of the Michigan Tax Tribunal is defined by statute. MCL 205.735a. The primary task in construing a statute is to discern and give effect to the intent of the Legislature. *Murphy v Mich Bell Tel Co*, 447 Mich 93, 98; 523 NW2d 310 (1994). If the language of the statute is unambiguous, the statute must be enforced as written. *Tryc v Mich Veterans' Facility,* 451 Mich 129, 136; 545 NW2d 642 (1996). Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to determine legislative intent. *Luttrell v Dep't of Corrections*, 421 Mich 93, 103; 365 NW2d 74 (1984). "[T]he express powers of the Tax Tribunal are those authorized by statute, and the Tribunal has not been invested with equitable powers." *Marie De Lamielleure Trust v Dep't of Treasury*, 305 Mich App 282, 288; 853 NW2d 708 (2014). The Tribunal is therefore without jurisdiction to consider appeals filed outside the deadlines imposed by statute. *Electronic Data Sys Corp v Twp of Flint*, 253 Mich App 538, 544; 656 NW2d 215 (2002). MCL 205.735a sets out the procedural requirements applicable to the Tribunal. Under MCL 205.735a(6), "the jurisdiction of the tribunal is invoked by a party in interest, as petitioner, filing a written petition within 35 days after the final decision, ruling, or determination." However, our Supreme Court has held, "when another statute provides a different limitations period for filing a petition with the Tax Tribunal, that statute controls and MCL 205.735 does not apply." *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 76; 780 NW2d 753 (2010).

A special assessment is "an exaction to raise revenue, although it is imposed on particular real property for a local purpose or improvement of direct benefit to that property." *Graham v Kochville Twp*, 236 Mich App 141, 151-152; 599 NW2d 793 (1999). MCL 41.726 lays out the procedures associated with the filing and review of special assessments:

> (1) When a special assessment roll is reported by the supervisor to the township board, the assessment roll shall be filed in the office of the township clerk. *Before confirming the assessment roll, the township board shall appoint a time and place*

*when it will meet, review, and hear any objections to the assessment roll. The township board shall give notice of the hearing and the filing of the assessment roll as required by section 4a.*

(2) A hearing under this section may be adjourned from time to time without further notice. A person objecting to the assessment roll shall file the objection in writing with the township clerk before the close of the hearing or within such further time as the township board may grant. *After the hearing the township board, at the same or at a subsequent meeting, may confirm the special assessment roll* as reported to the township board by the supervisor or as amended or corrected by the township board; may refer the assessment roll back to the supervisor for revision; or may annul it and direct a new roll to be made.

(3) *If a special assessment roll is confirmed, the township clerk shall endorse on the assessment roll the date of the confirmation.* After the confirmation of the special assessment roll, all assessments on that assessment roll shall be final and conclusive *unless an action contesting an assessment is filed in a court of competent jurisdiction within 30 days after the date of confirmation.* [MCL 41.726 (emphasis added).]

In summary, a special assessment does not become final until it is confirmed, confirmation requires endorsement by the township clerk, and any challenges to the special assessment must be brought within 30 days of confirmation. *Gaut v Southfield*, 388 Mich 189, 195; 200 NW2d 76 (1972).

Petitioner is correct: MCL 41.726(3), not MCL 205.735a(6), provides the appropriate limitations period in this case. Our Supreme Court has stated, "when another statute provides a different limitations period for filing a petition with the Tax Tribunal, that statute controls and MCL 205.735 does not apply." *Briggs*, 485 Mich at 76.[1] In this case, there is another statute that provides a different limitations period: MCL 41.726(3). Therefore, it controls over MCL 205.735a(6).

MCL 205.735a(6), while outlining the statutory jurisdiction of the Tribunal, does not address the specifics of filing and reviewing a special assessment. MCL 41.726, on the other hand, lays out the procedures associated with the filing and review of special assessments. These procedures require a township to hold a preconfirmation hearing and provide notice of that hearing. MCL 41.726(1). They also require the township clerk to endorse the special assessment if the special assessment is confirmed. MCL 41.726(1). Finally, they state that all assessments are final once confirmed unless they are contested within 30 days of the confirmation. MCL 41.726(3). In this case, respondent failed to comply with MCL 41.726. There is no evidence of a hearing on the resolution, nor is there evidence of confirmation ever having occurred. In response to petitioner's

---

[1] In *Briggs*, as in the present case, the Tribunal dismissed a matter because it was not filed within the statutory timeline under MCL 205.735. *Id*. at 73. Our Supreme Court found that the other relevant statute in the case, MCL 211.53a, controlled over MCL 205.735. *Id*. at 76.

FOIA request, respondent stated simply that it did not have the records and—without providing an explanation—referred petitioner to Oakland County. The 30-day limitations period in MCL 41.726(3) is only applicable if confirmation has already occurred, and, as noted above, there is no evidence that confirmation occurred in this case. Indeed, the fact that both respondent and the Tribunal did not refer to the confirmation process but instead argued that the 2019 Winter Tax Bill was a sort of "de facto" confirmation, suggests they were aware of the fact that no confirmation had occurred. No evidence suggests that confirmation occurred, nor does respondent even address the question of whether it occurred. Because no confirmation occurred, the 30-day limitations period never began, and petitioner's action was not late.

Respondent, echoing the reasoning of the Tribunal, argues that petitioner's 2019 Winter Tax Bill, which was sent to petitioner before December 1, 2019, functioned as notice of the special assessment and began the 35-day limitations period. Respondent refers to this as "de facto confirmation." However, this argument is problematic because it is predicated on the assumption that notice of the special assessment is the trigger for the 35-day limitations period. MCL 205.735a(6) includes no language to that effect, and there is no indication in Michigan caselaw that the accrual of the limitations period is based on notice. MCL 41.726 also does not base accrual on notice. Therefore, respondent's reference to petitioner's 2019 Winter Tax Bill is irrelevant. Even if respondent were citing correctly to the language of MCL 205.735a(6), which references 35 days after "the final decision, ruling, or determination," the complete lack of evidence regarding if, or when, confirmation occurred makes it impossible for respondent to prove exactly when the 35-day limitations period would allegedly have started. Respondent's argument further assumes that notice is required for the special assessment, but MCL 41.726(1) makes clear that notice is only required for the hearing the Township must hold regarding the special assessment, and there is no evidence of either a hearing, or notice of a hearing, in this case. Respondent's argument falls short.

Respondent appears to recast petitioner's argument as a request for the Tribunal to exercise equitable powers to waive the statutory filing deadline. Respondent cites caselaw stating that "the express powers of the Tax Tribunal are those authorized by statute, and the Tribunal has not been invested with equitable powers." *Marie De Lamielleure Trust*, 305 Mich App at 288. However, complying with the requirements of MCL 41.726 for reviewing a special assessment does not constitute using equitable powers to waive the statutory filing deadline. In addition, as noted above, our Supreme Court has stated that, "when another statute provides a different limitations period for filing a petition with the Tax Tribunal, that statute controls and MCL 205.735 does not apply." *Briggs*, 485 Mich at 76. If anything, respondent is the one attempting to use equitable powers to claim—without any support for its position—that a tax bill effectively operates as a de facto confirmation of a special assessment. Respondent's equitable powers argument is unavailing.

For these reasons, the Tribunal erred in dismissing petitioner's case because it failed to comply with the requirements of MCL 41.726. In particular, because there is no evidence the special assessment was ever confirmed, the 30-day limitations period never began and petitioner's action was not untimely.

## IV. CONCLUSION

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Petitioner may tax costs.

/s/ David H. Sawyer
/s/ Deborah A. Servitto
/s/ Michelle M. Rick