*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KAREN ELLSWORTH and PETER ELLSWORTH,

        Petitioners-Appellants,

v

DEPARTMENT OF TREASURY,

        Respondent-Appellee.

UNPUBLISHED
January 27, 2022

No. 355835
Tax Tribunal
LC No. 20-000046-TT

Before: O'BRIEN, P.J., and STEPHENS and LETICA, JJ.

PER CURIAM.

Petitioners appeal as of right the order of the Michigan Tax Tribunal (MTT) upholding respondent's denial of a principal residence exemption (PRE) for petitioners' property for tax years 2016 through 2019. Petitioners argue that the MTT erred by concluding that Karen Ellsworth had not occupied the subject property as her principal address. We affirm.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

This case concerns petitioners' request for a PRE for a parcel located on South Shore Drive in Crystal Lake Township, Michigan (the South Shore Drive property). Petitioners jointly owned two homes in Michigan: the South Shore Drive property and a property in Okemos, Michigan. According to Karen Ellsworth,[1] Peter Ellsworth lived in the Okemos property and spent weekends, holidays, and some vacations at the South Shore Drive property. Karen lived at the South Shore Drive property year-round since 2005, including during tax years 2016 through 2019, and considered it to be her principal residence. In May 2019, respondent sent petitioners a notice that a PRE was denied for tax years 2016 through 2019 because petitioners had not occupied the South Shore Drive property as their principal residence.

Petitioners appealed the denial to respondent, which held an informal conference and upheld the denial of the PRE. Petitioners subsequently appealed to the MTT, arguing that Karen

---

[1] The Ellsworths are referred to by their first names in this opinion.

had occupied the South Shore Drive property as her principal residence. Petitioners presented evidence that included Karen's affidavit, the affidavits of her neighbors and their daughter, medical correspondence, Social Security correspondence, income tax returns, cell phone records, and bank records. Respondent presented evidence that included petitioners' driver's license, voter registration, and motor vehicle registration information. The MTT considered the evidence submitted by both of the parties and found that neither Karen nor Peter had established the South Shore Drive property as their principal residence. It upheld the denial of a PRE for tax years 2016 through 2019. This appeal followed.

## II. ANALYSIS

Petitioners argue that the MTT erred by concluding that Karen had not occupied the South Shore Drive property as her principal residence.[2] We disagree.

We review MTT decisions to determine whether the MTT made an error of law or applied the wrong legal principle, unless there is a claim of fraud. *Stirling v Leelanau Co*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 353117); slip op at 2. Tax exemptions are "narrowly construed in favor of the taxing authority." *Estate of Schubert v Dep't of Treasury*, 322 Mich App 439, 447-448; 912 NW2d 569 (2017) (quotation marks and citation omitted). "[T]he petitioner has the burden to prove, by a preponderance of the evidence, that he or she is entitled to the requested exemption." *Spranger v City of Warren*, 308 Mich App 477, 479; 865 NW2d 52 (2014). This Court reviews de novo the "MTT's interpretation and application of statutes." *Stirling*, ___ Mich App at ___; slip op at 2.

"When the Tribunal's findings of fact are supported by competent, material, and substantial evidence on the whole record, those findings are conclusive." *Estate of Schubert*, 322 Mich App at 447. Substantial evidence is "more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence." *Drew v Cass Co*, 299 Mich App 495, 499; 830 NW2d 832 (2013) (quotation marks and citation omitted). We have also stated that "substantial" means "evidence that a reasonable mind would accept as sufficient to support the conclusion." *Great Lakes Div of Nat'l Steel Corp v Ecorse*, 227 Mich App 379, 389; 576 NW2d 667 (1998).

Michigan's PRE is governed by MCL 211.7cc and MCL 211.7dd. MCL 211.7cc(1)[3] provides in relevant part: "A principal residence is exempt from the tax levied by a local school district for school operating purposes . . . if an owner of that principal residence claims an exemption as provided in this section." A person claiming a PRE "must establish that he or she owned and occupied the property as a principal residence for each year that the exemption is claimed." *Estate of Schubert*, 322 Mich App at 451.

---

[2] Petitioners admit that Peter did not occupy the South Shore Drive property as his principal residence.

[3] MCL 211.7cc was amended, effective June 24, 2020, by 2020 PA 96. However, MCL 211.7cc(1) was unaffected.

-2-

MCL 211.7dd(c) provides, in relevant part: " 'Principal residence' means the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established." The term "occupy" is not defined by MCL 211.7cc or MCL 211.7dd, and this Court has used *Merriam-Webster's Collegiate Dictionary* to define that term: "*Merriam-Webster's Collegiate Dictionary* (11th ed.) defines 'occupy,' in relevant part, as 'to reside in as an owner or tenant.' In turn, 'reside' is defined as 'to dwell permanently or continuously: occupy a place as one's legal domicile.' " *Estate of Schubert*, 322 Mich App at 449-450 (citations omitted). "[A] person must dwell either permanently or continuously at a property to 'occupy' the property." *Id*. at 450. An owner may present evidence of occupancy as a principal residence through documentary evidence or testimony. *Id*. at 454. The documentary evidence could include "utility bills, driver's licenses, tax documents, other documents showing the petitioner's address, and voter registration cards." *Id*. at 454-455. This Court has recognized that "[n]o single document is conclusive." *Id*. at 455.

Petitioners argue that the MTT adopted a wrong legal principle when it determined that Karen's "legal intent" was to establish the Okemos property as her principal residence because the statutes governing the PRE do not require "legal intent." Although MCL 211.7dd(c) does not use the exact phrase "legal intent," it provides, in relevant part, " 'Principal residence' means the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she *intends to return . . . .*" (Emphasis added.) Further, the MTT stated that Karen's use of the Okemos property for purposes of her driver's license and voting registration "demonstrate[d] *a legal intent to return* to the Okemos, MI property as her principal residence and not the property at issue." (Emphasis added.) The MTT did not err by considering Karen's intent to return to the Okemos property because her intent to return to the South Shore Drive property was a requirement for her to establish it as her principal residence. See MCL 211.7dd(c).

Petitioners also argue that the MTT legally erred by treating Karen's driver's license and voter registration evidence as conclusive, contrary to *Drew*, 299 Mich App at 501. The MTT did not conclude that Karen was not entitled to a PRE merely because she used the Okemos address for purposes of her driver's license and voter registration. It stated that the *totality of the substantial evidence* demonstrated that Karen had never occupied the South Shore Drive property as her principal residence. The MTT noted the legal effect of using an address on a driver's license or voter registration, and that Karen also renewed her driver's license with the Okemos address and voted using that address *after* she filed the PRE claim. In addition, the MTT also specifically referenced the holding in *Drew* that such evidence was not conclusive.

Petitioners also argue that the MTT placed too much emphasis on Karen's driver's license and voter registration information, instead of evidence that they provided to show that Karen lived in the South Shore Drive property for the majority of tax years 2016 through 2019. First, showing that a person lived at a property for a majority of the year does *not* mean that they are entitled to a PRE. Petitioners cite *Rentschler v Melrose Twp*, 322 Mich App 113, 123; 910 NW2d 711 (2017), for the proposition that "the property that the taxpayer uses a majority of the time during the year ordinarily will be considered the taxpayer's principal residence." (Quotation marks, citation, and emphasis omitted.) However, that was not a holding of this Court; rather, the *Rentschler* Court was citing the federal guidelines' definition of a principal residence provided in 26 CFR 1.121-1(b) (2017*). Rentschler*, 322 Mich App at 123. Further, the Court was considering whether renting

a home for more than 14 days *disqualified* the homeowner from a PRE, not whether the petitioner had occupied the subject property as his principal residence. *Id*. Second, petitioners merely challenge the weight of the evidence, and the MTT had the discretion to determine the weight of the evidence. See *Estate of Schubert*, 322 Mich App at 456. Further, this Court "may not second-guess the [Tribunal's] discretionary decisions regarding the weight to assign to the evidence." *Id*. (alteration in original; quotation marks and citation omitted). In this case, respondent provided copies of Karen's driver's license registration, voter registration, and vehicle registration information, which showed that she used the Okemos property as her address. The MTT's decision was supported by competent, material, and substantial evidence. See *id*. at 458-459. Because the MTT's finding was supported by competent, material, and substantial evidence, it is conclusive. *Id*. at 447.

Petitioners also argue that the definition of a residence for election law purposes is different from the definition of a principal residence. Petitioners are correct that "residence" for the purposes of a driver's license or voter registration is defined differently from "principal residence" in MCL 211.7dd(c).[4] However, petitioners' argument only challenges the weight of the evidence in light of the different definitions, and the MTT had the discretion to determine the weight of the evidence of Karen's driver's license and voter registration information. See *Estate of Schubert*, 322 Mich App at 456.

In sum, the MTT considered significant evidence from both petitioners and respondent. The MTT meticulously summarized that evidence, analyzed the effect of the evidence on the question at issue in the case, and engaged in a concerted effort to weigh the evidence. After doing so, the MTT concluded the evidence presented by respondent was entitled to greater weight, citing the potential legal penalties for voting in the wrong district or improperly registering one's car at the incorrect address.[5] While not determinative of the issue, such was substantial evidence that

---

[4] For the purposes of a driver's license, " 'Residence address' means the place that is the settled home or domicile at which a person legally resides as defined in section 11 of the Michigan election law, 1954 PA 116, MCL 168.11." MCL 257.50a. MCL 168.11(1) provides:

> "Residence", as used in this act, for registration and voting purposes means that place at which a person habitually sleeps, keeps his or her personal effects, and has a regular place of lodging. If a person has more than 1 residence, or if a person has a residence separate from that of his or her spouse, that place at which the person resides the greater part of the time shall be his or her official residence for the purposes of this act. This section does not affect existing judicial interpretation of the term residence.

[5] We believe it is important to note that we do not read the MTT's decision as a direct holding that an individual cannot occupy one space as a principal residence and vote in a different district. Instead, we affirm the MTT's conclusion that, in this case, the location at which Karen was registered to vote and actually voted was highly probative of the fact that her Okemos property was "the 1 place where [she had] her true, fixed, and permanent home to which, whenever absent, [] she intend[ed] to return . . . ." MCL 211.7dd(c).

Karen, in this case, occupied the Okemos home as her principal residence. MCL 211.7dd(c). Because the finding was made on the basis of substantial evidence after the MTT exercised its discretion to weigh the evidence as it saw fit, we must, and now do, affirm. *Estate of Schubert*, 322 Mich App at 447; *Drew*, 299 Mich App at 499.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Cynthia Diane Stephens
/s/ Anica Letica