*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JENNIFER G. PRICE,

Petitioner-Appellant,

v

BERRIEN COUNTY TREASURER,

Respondent-Appellee.

UNPUBLISHED
May 19, 2022

No. 357370
Tax Tribunal
LC No. 20-004329-TT

Before: LETICA, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Petitioner, Jennifer G. Price, appeals by right the order of the Michigan Tax Tribunal (MTT) ruling that she was not entitled to a Principal Residence Exemption (PRE) with respect to her improved real property for tax years 2019 and 2020. We affirm the MTT's ruling in regard to tax year 2019, but reverse its decision relative to tax year 2020 and remand for further proceedings.

Respondent, Berrien County Treasurer (the Treasurer), denied petitioner's claim of a PRE on her Michigan property. The Treasurer explained that petitioner did not qualify for the PRE in 2019 or 2020 because she was not a Michigan resident. Petitioner appealed the Treasurer's decision to the Small Claims Division of the MTT. A telephone hearing was conducted on February 11, 2021. On March 30, 2021, the administrative law judge (ALJ) issued a proposed opinion and judgment. The ALJ reviewed the procedural history of the case, set forth the issues presented and applicable law, summarized the evidence, made findings of fact, and reached conclusions of law. With respect to the findings of fact, the ALJ stated that the following facts were proven by a preponderance of the evidence:

1.  The subject property is located . . . in Berrien County.

2.  The subject property is classified as residential.

3.  Petitioner is an owner of the subject property.

4.  Petitioner and her husband filed joint federal income tax returns in 2019 from an address in Chicago, Illinois.

-1-

5.  Petitioner and her husband filed joint Illinois income tax returns in 2019 from an address in Chicago, Illinois, as Illinois residents.

6.  Following [the Treasurer's] denial of the subject property's PRE, Petitioner and her husband filed a Michigan income tax return for 2019 from the subject property address, as a Michigan resident and non-resident, respectively.

7.  Petitioner has a Michigan driver's license that reflects the subject property address. It was issued on April 31, 2018 and expires April 4, 2021.

8.  Petitioner has a Michigan registration for a 2016 Toyota and 2018 BMW that expire on August 4, 2021.

9.  Petitioner's children attend Illinois schools.

With respect to the ALJ's conclusions of law, she first observed that there was no dispute as to petitioner's ownership of the Michigan home and that the issue was whether petitioner occupied the home as her principal residence during the tax years at issue. The ALJ then addressed tax year 2019, concluding that petitioner was not entitled to a PRE under MCL 211.7cc(3)(d) because she "and her husband filed joint income tax returns as Illinois residents for the 2019 tax year." The ALJ noted that the subsequent filing of a Michigan income tax return for 2019 did "not negate the previous filing of an Illinois tax return, and [that] there is no indication that the Illinois return has been amended." Next, the ALJ found:

> As for the 2020 tax year, there is no doubt that Petitioner spent a significant amount of time at the subject property, but the evidence on record is conflicting, and given that Petitioner's children attend Illinois schools, the Tribunal is not persuaded that she occupied it as her principal residence. As such, Petitioner is not entitled to an exemption for either of the tax years at issue in this appeal.

Subsequently, the MTT issued a final opinion and judgment, adopting the ALJ's proposed opinion and judgment and incorporating by reference the ALJ's findings of fact and conclusions of law. The MTT, therefore, ruled that petitioner was not entitled to a PRE for the property "under MCL 211.7cc for the 2019 and 2020 tax years." This appeal ensued.

Petitioner first argues on appeal that the MTT erred by focusing on one element of the PRE statutory scheme rather than considering other statutory elements, caselaw, and administrative guidelines. This argument pertains to tax year 2019.

Our review of an MTT decision is limited: we may reverse a ruling only in the presence of fraud, error of law, adoption of wrong principles, or factual findings unsupported by competent, material, and substantial evidence. *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527; 817 NW2d 548 (2012). The interpretation and application of tax statutes constitute legal questions that are subject to de novo review. *Danse Corp v Madison Hts*, 466 Mich 175, 178; 644 NW2d 721 (2002). The foremost rule of statutory construction is to discern and give effect to the intent of our Legislature, and we do so by examining the most reliable evidence of that intent, which is the

language of the statute itself. *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013). If the language of the statute is clear and unambiguous, we must enforce the statute as written and no further judicial construction is permitted. *Id*. Tax exemptions are strictly construed against the taxpayer because exemptions represent the antithesis of tax equality. *Marie De Lamielleure Trust v Dep't of Treasury*, 305 Mich App 282, 284; 853 NW2d 708 (2014).

"Michigan's principal residence exemption, also known as the 'homestead exemption,' is governed by §§ 7cc and 7dd of the General Property Tax Act, MCL 211.7cc and MCL 211.7dd." *EldenBrady v Albion*, 294 Mich App 251, 256; 816 NW2d 449 (2011). MCL 211.7dd(c) provides that a principal residence is

> the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established. . . .

Further, MCL 211.7cc(1) provides that a "principle residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under section 1211 of the revised school code, 1976 PA 451, MCL 380.122, if an owner of that principal residence claims an exemption as provided in this section." But a person is not entitled to a PRE in any calendar year in which he or she "has filed an income tax return in a state other than this state as a resident." See MCL 211.7cc(3)(d). There is no dispute that petitioner filed a 2019 income tax return in Illinois as an Illinois resident.

Petitioner relies on *Rentschler v Melrose Twp*, 322 Mich App 113; 910 NW2d 711 (2017), to argue that the MTT improperly relied on one element to "usurp the legislative intent" relative to PREs. Not only does *Rentschler* not support petitioner's position, the opinion reinforces the MTT's ruling. In *Rentschler*, the petitioner met all of the statutory qualifications for a PRE and did not fall within any of the statutory disqualifications. *Id.* at 119-120. This Court reversed the MTT's decision denying the PRE because the MTT had relied on a PRE administrative guideline that did not properly state the law. *Id.* at 120. The *Rentschler* panel noted "that MCL 211.7cc(3) sets forth multiple scenarios disqualifying a property from receiving a PRE exemption, none of which applies to the petitioner in this case." *Id.* at 119. In the instant case, one of the disqualifying scenarios in MCL 211.7cc(3) does apply—subdivision (d). There is no need to proceed any further with the analysis. Indeed, it would be improper to consider other factors or elements because they are moot and irrelevant in light of the fact that for calendar year 2019 petitioner had "filed an income tax return in a state other than this state as a resident." See MCL 211.7cc(3)(d).[1] Petitioner was statutorily disqualified from being granted a PRE for 2019, and no statutory provision, caselaw, or guideline can overcome that disqualification. The subsequent filing of a Michigan tax

---

[1] Petitioner's argument in regard to the 2019 tax year is extremely confusing. At one point in her argument, petitioner claims that the MTT's "sole ground of reasoning was but one element of the . . . Guidelines for PREs." As reflected in our discussion, the MTT relied on a statutory provision in rendering its decision, MCL 211.7cc(3)(d), not a guideline. Petitioner then cites a guideline that indicates that no one factor taken alone is controlling when determining whether a party is entitled to a PRE. Patently, the guideline cannot trump the statutory dictates of MCL 211.7cc(3)(d).

return for 2019 did not undo the Illinois 2019 tax return. And, as mentioned by the ALJ and adopted by the MTT, there is no evidence that petitioner amended the 2019 Illinois tax return. Accordingly, we hold that the MTT did not err in regard to its ruling concerning tax year 2019.

Next, with respect to a PRE for tax year 2020, petitioner argues that she established by a preponderance of the evidence that the Michigan property was her principal residence under applicable Michigan law. The full extent of the basis for the MTT's ruling on this issue was that the record evidence was conflicting and that petitioner's children attended Illinois schools. We cannot possibly ascertain whether the MTT's ruling constituted an error of law, the adoption of wrong principles, or factual error under the "competent, material, and substantial evidence" standard. The MTT did not explain the nature or substance of the conflicting evidence or why the conflict undermined petitioner's position. Although the MTT need only make "a concise statement of facts and conclusions of law," MCL 205.751(1), they must be sufficient to facilitate appellate review, *New Covert Generating Co, LLC v Covert Twp*, 334 Mich App 24, 74; 964 NW2d 378 (2020). We can only speculate with respect to the MTT's vague, cursory ruling regarding a PRE for tax year 2020. Moreover, in regard to the children's schooling, while it is true that they technically "attended" Illinois schools, the MTT acknowledged the evidence that the children were "remotely schooled in Michigan" on a full-time basis. Accordingly, in the context of schooling, the children were physically present with petitioner in Michigan for tax year 2020. On remand, we direct the MTT to elaborate on its decision regarding the so-called conflicting evidence and to do so in detail sufficient to facilitate appellate review. We also direct the MTT to supply some reasoning and analysis explaining why the children's remote schooling in Michigan bodes against granting petitioner a PRE.

We affirm in part and reverse and remand in part for further proceedings consistent with this opinion. Neither party having fully prevailed, we decline to tax costs under MCR 7.219. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Jane E. Markey
/s/ Colleen A. O'Brien

-4-